**HOME INDEMNITY COMPANY OF NEW YORK and Louis E. Stultz, Appellants,**

**v.**

**J. H. POLADIAN and J. Harry Poladian, Jr., t/a J. H. Poladian & Son, Appellees.**

**No. 7871.**

United States Court of Appeals
Fourth Circuit.

Argued June 10, 1959.

Decided Aug. 27, 1959.

James C. Gregg, Washington, D. C. (Hugh Lynch, Jr., and Macleay, Lynch & Macdonald, Washington, D. C., on the brief), for appellant.

Charles H. Duff, Arlington, Va. (Jesse, Phillips, Klinge & Kendrick, Arlington, Va., on the brief), for appellees.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

Divergent provisions in the Workmen's Compensation laws of Virginia and the District of Columbia give rise to this controversy. Under the Virginia law[1] a general contractor is deemed the statutory employer of his subcontractor's employees; he is obligated to provide compensation insurance for them and is im-mune from common law actions by them for negligence. In the District of Columbia, where the Longshoremen's and Harbor Workers' Act[2] is applicable, there is no such provision. There the general contractor is a stranger to the subcontractor's employees, is not required to insure them, and remains liable to common law suits for negligence.

Louis E. Stultz, whose home is in the District of Columbia and who was employed by William Seltzer, a cement contractor also residing in the District, was injured while working as a cement finisher on an apartment building under construction in Alexandria, Virginia. Seltzer had taken a subcontract from J. H. Poladian & Son, a partnership doing business in Virginia and whose members reside there. The Poladian concern was both owner and general contractor, and the construction work was a part of Poladian's usual trade, business or occupation.

Subcontractor Seltzer had provided his employees with workmen's compensation insurance in the District of Columbia and the general contractor, as statutory employer, had done the same pursuant to the laws of Virginia. Thus there was provision in both jurisdictions to compensate the injured workman. Stultz elected to accept an award in the District of Columbia. Later, his direct employer's insurance carrier, The Home Indemnity Company of New York, as assignee, brought this common law action in the United States District Court for the Eastern District of Virginia against the general contractor. The sum claimed was $50,000, from which the plaintiff insurance company sought to reimburse itself for the compensation and medical expenses it had paid and would be required to pay. Any excess recovery was to go to the injured man.

The defendants claiming that the remedies provided by the Virginia statute are exclusive[3] and that they are immune

1. Title 65, Code of Virginia.

2. 33 U.S.C.A. § 901–950.

3. Code of Virginia.
   "§ 65–37. Employee's rights under Act exclude all others.—The rights and

from common law actions, interposed a motion for summary judgment which the court granted.

In this Court the plaintiff insurance carrier denies that the Virginia statute is controlling. It stresses that Stultz entered into his contract of employment with Seltzer in the District of Columbia, and that compensation was awarded there. The District of Columbia law, it is therefore claimed, determines not only the employer-employee relationship between Seltzer and Stultz, but also whether there is a right of recovery against Poladian. The plaintiff concedes that as the accident happened in Virginia the law of that state is relevant, but asserts that that law governs "only the substantive aspects of the claim," explaining that it means thereby such questions as what constitutes negligence. The plaintiff insists, however, that the question of Poladian's liability in a third party action must be answered not according to Virginia, but District of Columbia, law.

■■ This curiously restrictive definition of the "substantive aspects of the claim" is not warranted. It seems to us that nothing could be more directly related to substance than the question of liability. There are no Virginia or other cases recognizing the distinction contended for by the plaintiff. The well established general rule is that in an action for negligence the law of the locality where the negligence occurred controls.

Ordinarily, in determining whether an actionable tort has been committed in Virginia we look to its laws, for it is within Virginia's competence to take away the common law right of action if it deems it more just to award fixed compensation irrespective of negligence. In three Federal Circuits this rule has been applied in bar of common law actions in situations similar to this. Jonathan Woodner Co. v. Mather, 1954, 93 U.S. App.D.C. 234, 210 F.2d 868, certiorari denied 1954, 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650; Williamson v. Weyerhaeuser Timber Co., 9 Cir., 1955, 221 F. 2d 5; Bagnel v. Springfield Sand & Tile Co., 1 Cir., 1944, 144 F.2d 65 certiorari denied 1944, 323 U.S. 735, 65 S.Ct. 72, 89 L.Ed. 589.

■ Directly in point is Restatement, Conflict of Laws, § 401 (1948 Supp.) which declares:

"If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any State."

Opposed to the decisions mentioned above the plaintiff cites Wilson v. Faull, 1957, 45 N.J.Super. 555, 133 A.2d 695, but on examination it readily appears that that case is likewise unavailing to the plaintiff. In Wilson, the defendant

remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

"§ 65-20. Presumption of acceptance of provisions of Act to pay and accept compensation.—Every employer and employee, except as herein stated, shall be conclusively presumed to have accepted the provisions of this Act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment

and shall be bound thereby, unless, in the case of any such employee, he shall have given prior to any accident resulting in injury or death notice to the contrary in the manner herein provided."

"§ 65-26. Liability of owner to workmen of sub-contractors.—When any person * * * undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person * * * for the execution or performance by or under such sub-contractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him."

general contractor, the subcontractor and the employee-plaintiff all lived in New Jersey. While the injury occurred on a project in Pennsylvania, the contracts between the "general" and the "sub", and the "sub" and the plaintiff, were executed in New Jersey. Under the Pennsylvania statute a suit against the general contractor could not be maintained, but such a suit was permitted by the New Jersey law.

In its opinion, the court first pointed out that, for purposes of choosing a compensation remedy in an interstate situation, the theories most commonly used are those of tort, contract and employment relation. After discussing the features of each theory, the employment relationships were declared the most important element to consider. Applying that theory to the facts of the tort action before it, the court concluded that, since all the parties resided and contracted in New Jersey, that state had the more significant contacts with the employer-employee relationship and its law should therefore control in that instance, even though the accident happened in Pennsylvania.

However, to the extent that the Wilson case conflicts with those decided by the three circuits, supra, the present case does not require us to choose between them. Under either rationale the plaintiff would be barred from maintaining the present suit. Applying the principle of the federal cases, as we have seen, the plaintiff cannot prevail here because the state where the injury occurred, Virginia, has abolished the common law remedy against one who is subject to its Workmen's Compensation Law and has complied with its insurance provisions. If, on the other hand, we were to adopt the employment relationship concept of the Wilson case, the factual context here presented still requires us to enforce Virginia law. For in the instant case the general contractor does not reside or do business in the District of Columbia, and has no direct connection with that jurisdiction. If a state's contact with the various aspects of the employment relationship is to control the choice of law, then even under Wilson it would hardly be permissible to subject the general contractor to the law of a jurisdiction with which he is in no way connected, simply because the subcontractor and the plaintiff-employee have contacts there.

Much can be said for the proposition that when all the parties reside and make their employment and insurance arrangements in a certain place, they have it in contemplation that the law of that place shall govern their relationships, rather than the purely adventitious circumstance that an injury may occur in another place. No such notion, however, can fairly be implied to bind a Virginia general contractor by private arrangements made elsewhere between others. We are not called on to speculate whether Virginia would accept or reject the rule of the Wilson case because the situation here is different.

██ The appellant advances the further argument that even if the general rule is that the law of the place of injury controls, there is nevertheless an exception where compensation has been awarded in another jurisdiction. It is asserted that as a result of the award the law of the awarding state governs the question of the third party's liability.

We find no support in the authorities for this proposition.[4] It is equally without support in logic. No reason occurs to us for saying that when action against a general contractor by a subcontractor's injured employee is barred by the law of the state where the injury occurred, the employee may at his option remove the bar by accepting an award of compensation from the subcontractor in another state. The relationship between the workman and his immediate employ-

---

4. In support of this theory, the appellant cites Larson on Workmen's Compensation Law, Vol. 2, Sec. 88. A reading of that section, however, shows that it does not deal with the problem here presented.

er may in respect to rights *inter sese* be governed by the state where they reside and where compensation has been provided and paid, but the general contractor, residing and operating in another state, is ordinarily governed by the laws of that state. He remains subject to the obligations of these laws and is entitled to the benefits that accrue to him from compliance.

■ Nor can the fact that the employee has chosen not to avail himself of the remedy provided by the Virginia statute lessen the protection it affords the general contractor. The applicability of the Act is determined when the employee enters upon the work in Virginia and the general contractor, as statutory employer, complies with the Act's requirements. Sykes v. Stone & Webster Engineering Corp., 1947, 186 Va. 116, 41 S.E. 2d 469; Doane v. E. I. DuPont de Nemours & Co., 4 Cir., 1954, 209 F.2d 921. This cannot be changed by the actions of the employee or employer after the accident.

Finally, although there is no indication that the appellant raised the point below, it argues here that the motion for summary judgment should not have been granted because it does not appear from the motion or the affidavit that the defendant or Seltzer had the requisite number of employees for the Act to apply, and that these papers do not negate the possibility that Stultz was a "casual employee." Aistrop v. Blue Diamond Coal Co., 1943, 181 Va. 287, 24 S.E.2d 546.

■ Certainly the plaintiff attempted to raise no factual issue in the District Court. See 28 U.S.C.A. Rule 56 F.R.Civ. P. We are unable to determine whether the plaintiff is seeking merely to avail itself of a bare technical omission or is seriously claiming that the Act is inapplicable to these parties. On the assumption which seems to have prevailed in the District Court litigation, that the requisite facts were present to invoke the Act, we will, for the reasons above discussed, affirm the judgment. Leave is granted, however, to the plaintiff to address an application to the District

Court's discretion to reopen the case if the suggested defects in the allegations are more than a shadow and if the basic assumptions apparently accepted by all the parties should prove to be in error.