**Al Jolson SNOWDEN, Plaintiff,**

v.

**VIRGINIA ELECTRIC AND POWER COMPANY, Defendant.**

**George G. STOKLEY, Plaintiff,**

v.

**VIRGINIA ELECTRIC AND POWER COMPANY, Defendant.**

**Civ. A. Nos. 76–74–NN and 76–75–NN**

United States District Court,
E. D. Virginia,
Newport News Division.

Dec. 6, 1976.

Edwin Jay Rafal, Norfolk, Va., for plaintiffs.

D. Alan Rudlin, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, Chief Judge.

Jurisdiction of these actions exists by reason of alleged diversity of citizenship, 28 U.S.C. § 1332. The basis of the actions is the alleged negligence of defendant, Virginia Electric and Power Company (Vepco). Vepco is a public service corporation engaged in the production, distribution and sale of electricity, which, in part, is distributed and transmitted through the Company's electric lines, mostly through overhead wires hanging from towers or poles.

At the time of the accident in question Vepco was engaged in improving, repairing

or rebuilding its electric service line in York County, Virginia, by increasing the capacity of such line. The undertaking required the replacing of existing poles with steel poles. Under Vepco's management and coordination, and pursuant to contract, Bost Construction Company (Bost) contracted and agreed with Vepco to install concrete foundations for the steel poles, and to do other things. Bost subcontracted to Karl Walski Construction Company, Inc. (Walski) the work of driving steel piles in the ground at the sites of the steel poles' concrete foundations. Plaintiffs were employees of Walski and were performing services for their employer at the concrete foundation sites and carrying out work on the project. They were allegedly injured when a crane owned and operated by Walski came into contact with an overhead Vepco electric transmission line. At that time each plaintiff was covered by the provisions of the Virginia Workmen's Compensation Act (the Act). They have been and are still receiving Workmen's Compensation benefits under the Act for their injuries.

Following the institution of these actions Vepco filed a motion to dismiss for lack of jurisdiction, asserting that plaintiffs' only remedy was under the Act.

I

Pursuant to Virginia Code Section 65.1–40, where an employee and his employer have accepted the provisions of the Act to pay and accept compensation on account of any personal injury, such will "exclude all other rights and remedies of such employee" on account of injuries sustained while in the performance of his duties.

Section 65.1–29 provides:

When any person (in this section and §§ 65.1–31 and 65.1–32 referred to as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 65.1–31 to 65.1–34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

An employee who has accepted the provisions of the Act is therefore limited to the exclusive rights and remedies under the Act (Section 65.1–40) as against his employer. The Act imposes liability not only on the workman's employer, but also on the third party who has contracted with the workman's employer for the work which "is a part of (third party's) trade, business or occupation." (Section 65.1–29). Stated differently, where an independent contractor is performing work which is a part of the trade, business or occupation of the owner, the employees of the independent contractor are statutory employees of the owner, and as such limited to the benefits and compensation under the Act, and precluded from instituting or maintaining a suit at common law against the owner. This is so even where employee's employer carried Workmen's Compensation for his employees, and thus made it unnecessary for the employee to look to the owner for said benefits. *Sykes v. Stone & Webster Engineering Co.*, 186 Va. 116, 41 S.E.2d 469 (1947).

But, of course, the Act does not bar an action by the injured employees against a third party if the third party is one referred to in the Act as an "other party." We must determine whether Vepco, the "owner" falls within the class of "other party" under the facts of this case.

II

This being a diversity case, the Court is bound by and must follow the law of the State of Virginia, and the interpretation placed on the language of the Act by the highest Court of that State. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *C.I.R. v. Stern*, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958); *Erie R. Co. v. Tomp-*

*kins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *St. Paul Fire and Marine Ins. Co. v. Lack*, 476 F.2d 583 (4th Cir. 1973).

It seems clear from the decision of the Supreme Court of Virginia, and the Court of Appeals for the Fourth Circuit, that the owner under the Act is not an "other party" if the subcontractor for whom plaintiff worked was performing work which was a part of the "trade, business or occupation" of the owner at the time of the injury. *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897, 224 S.E.2d 323, 326 (1976); *Anderson v. Thorington Construction Co.*, 201 Va. 266, 110 S.E.2d 396, 400 (1959); *Williams v. Gresham Co.*, 201 Va. 457, 503, 111 S.E.2d 498 (1959); *Corollo v. S.S. Kresge Co.*, 456 F.2d 306 (4th Cir. 1972).

In the *Williams* case, *supra*, Williams, an employee of the Ferry Authority attempted to sue Gresham, a contractor who contracted to drive piling for a ferry slip. At page 503, 111 S.E.2d at page 503, the Court said:

There is no material conflict in the evidence and it conclusively shows that defendant was engaged in work, at the time of plaintiff's injury, which was a part of the trade, business or occupation of the owner, Ferry District, and that defendant was not a stranger to the work. Both defendant and Ferry District were under the canopy of the Workmen's Compensation Act and not subject to an action at law by plaintiff, Ferry District's employee, for damages on account of injuries he received while engaged in the same work. § 65–37, supra. Therefore, defendant was not an "other party" within the purview of § 65–38, supra, and amenable to such an action at law.

The *Anderson* case, *supra*, grew out of the construction of the Petersburg Turnpike by an Authority created by the Legislature of Virginia. Anderson was an employee of the independent engineering firm doing work on the project. He sued Thorington Construction Company, an independent contractor also doing work on the project, for damages for injuries sustained. At 110 S.E.2d page 400 the Court said:

In the present case both independent contractors, Thorington and the Engineers, were engaged in the construction of the turnpike which was a part of the trade, business or occupation of the owner, the Authority. As the trial court aptly pointed out in its written opinion:

"* * * While the ultimate end and object of the Legislature in creating the Authority was to have it operate the turnpike as a toll road, it is wholly illogical to contend that such purpose was the paramount and sole end and object. It is no less a function of the Authority to acquire title to the right of way, to construct the turnpike, to repair and maintain it, than it is to operate the facility, after the acquisition of the right of way and the construction of the turnpike.

"In a very real sense, the Authority was engaged at every step of the way, in the course of its usual trade, business or occupation, from the preliminary surveys, through the acquisition of the right of way, the construction, and the final operation, maintenance and repair of the turnpike. The Legislature has so declared by vesting it with the power and charging it with the responsibility of so doing."

Since both Thorington and Engineers were engaged in the trade, business or occupation of the Authority, neither was a stranger to the employment and the work. Both, as well as the Authority, were under the canopy of the Workmen's Compensation Act. Consequently, Thorington was not an "other party" within the meaning of Section 65–38 and subject to an action at law for damages for the personal injuries to the Engineer's employee, Anderson.

In the *Anderson* case, *supra*, as here, plaintiff argued that owner (here Vepco) although vested with the power and responsibility of building the turnpike, did not exercise such power in that it employed no workmen for that purpose. The Court there said the "answer to this argument is that by its express terms Section 65–25

[now 65.1–29] contemplates that the owner may perform or execute work which is a part of his trade, business or occupation through a 'subcontractor,' as was done here." 110 S.E.2d 396.

In the *Corollo* case, *supra*, the Fourth Circuit made two things clear. First, "once it is established that the work being done by the subcontractor is a part of the owner's general business, the employees of the subcontractor became statutory employees of the owner even though their immediate employer is an independent contractor." 456 F.2d 311. Secondly, the inquiry is not whether owner was engaged in the business of the subcontractor or had ever been, but whether subcontractor's business activity or work was a part of the business of owner.[1] In the case at bar, constructing power lines, driving piling for construction of electric towers is a part of the trade, business and occupation of Vepco.

 Whether the work being performed is a part of the trade, business or occupation of the owner must be determined from all of the facts. Here, they are not in dispute. Vepco is a public utility and charged by statute with furnishing reasonable adequate service and facilities to any person along its lines. It has authority to construct ordinary extensions or improvements in the usual course of business within its territory without first obtaining from the governing authority, State Corporation Commission, a certificate of public convenience and necessity. See Code of Virginia Sections 56–233, 56–234, 56–265. Vepco has by its own employees constructed, rebuilt and repaired electric lines. It was with its own employees doing some of the work on the subject line. Plaintiffs were employees of a contractor holding a subcontract with Vepco's contractor. The work being done by plaintiffs was a part of the trade, business or occupation of Vepco. Its election to have the work done by an independent contractor is of no consequence. In addition to the cases cited above, *see Sykes v. Stone & Webster, supra; Turnage v. Northern Virginia Steel Corp.,* 336 F.2d 837 (4th Cir. 1964); *McMullen v. South Carolina Electric & Gas Co.,* 312 F.2d 662 (4th Cir. 1963); *Blue Ridge Electric Cooperative v. Byrd,* 238 F.2d 346 (4th Cir. 1956); *McCann v. Newport News Shipbuilding & Dry Dock Co.,* 177 F.Supp. 909 (D.C.Va.1959); *San Isabel Electric Assn. v. Bramer,* 31 Colo. App. 134, 500 P.2d 821 (1972); *Ashcraft v. Montana Power Co.,* 480 P.2d 812 (Mont. 1971); *Dunn v. Public Service Co. of Okla.,* 487 P.2d 711 (Okl.1971); *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P.2d 239 (1951).

The motions to dismiss the plaintiffs' actions are GRANTED, and these cases are DISMISSED for lack of jurisdiction.

---

1. In the *Kresge* case K-mart operated a department store. It contracted to Kraft the right to sell hats and bags in a part of its store space. Plaintiff was an employee of Kraft and injured in the store. Since selling hats and bags is a part of the business of operating a department store, plaintiff's exclusive remedy was under the Act. This case dealt with the South Carolina Workmen's Comp. Act, but the Fourth Circuit made it clear at page 312 that the Act of Virginia and of South Carolina dealing with the question at issue are the same.