MARIE R. LEONARD, ADMINISTRATRIX OF THE ESTATE OF SAMUEL L. LEONARD, DECEASED v. JOHNS-MANVILLE SALES CORPORATION, A DELAWARE CORPORATION; UNARCO INDUSTRIES, INC., AN ILLINOIS CORPORATION; GAF CORPORATION, A DELAWARE CORPORATION; ARMSTRONG CORK COMPANY, A PENNSYLVANIA CORPORATION; RAYBESTOS-MANHATTAN, INC., A CONNECTICUT CORPORATION; OWENS-CORNING FIBERGLASS CORPORATION, A DELAWARE CORPORATION; PITTSBURGH CORNING CORPORATION, A PENNSYLVANIA CORPORATION; THE CELOTEX CORPORATION, A DELAWARE CORPORATION; NICOLET INDUSTRIES, A PENNSYLVANIA CORPORATION; FORTY-EIGHT INSULATION, INC., AN ILLINOIS CORPORATION; EAGLE-PICHER INDUSTRIES, INC., AN OHIO CORPORATION; STANDARD ASBESTOS & INSULATION CO., A MISSOURI CORPORATION; OWENS-ILLINOIS, INC., AN OHIO CORPORATION; H. K. PORTER, A PENNSYLVANIA CORPORATION; NATIONAL GYPSUM CO., A DELAWARE CORPORATION; FIBREBOARD CORPORATION, A DELAWARE CORPORATION; GARLOCK, INC., A FOREIGN CORPORATION; KEENE CORPORATION, A NEW JERSEY CORPORATION; NORTH AMERICAN ASBESTOS CORPORATION, A FOREIGN CORPORATION; CAREY CANADIAN MINES, LTD., A FOREIGN CORPORATION; LAKE ASBESTOS OF QUEBEC, LTD., A FOREIGN CORPORATION; AMATEX CORPORATION, A PENNSYLVANIA CORPORATION; SOUTHERN ASBESTOS COMPANY

No. 697PA82

(Filed 9 August 1983)

1. Courts § 21.5— injury in another state—what law governs negligence claim

When the injury giving rise to a negligence claim occurs in another state, the law of that state ordinarily will govern resolution of the substantive issues in the controversy. However, if the foreign jurisdiction has no statutory or decisional law on the question involved, the courts of this state will not speculate what law such jurisdiction might adopt and will apply the law of North Carolina.

2. Master and Servant § 89.3— wrongful death action—concurring negligence by employer who paid workers' compensation—pro tanto defense

In a North Carolina wrongful death action against the manufacturers of asbestos which allegedly caused decedent's death by asbestosis, defendant manufacturers were entitled to allege as a pro tanto defense the concurring negligence of decedent's employer who had paid a Virginia workers' compensation claim arising from the asbestosis. Although G.S. 97-10.2 does not apply

since workers' compensation was not recovered under the North Carolina act, the policy and reasoning behind this statute apply so that defendants may allege concurring negligence as a defense for the same limited purposes and by the same procedures set forth in the statute.

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 454, 297 S.E. 2d 147 (1982), reversing an order entered by *Godwin, J.,* at the 3 August 1981 Session of Superior Court, DURHAM County.

Samuel L. Leonard was a pipefitter and welder for a number of years, during which he was exposed to asbestos while working at several different locations. His last exposure to asbestos occurred while he was employed by Stone & Webster Engineering Corporation ("Stone & Webster") in the state of Virginia. Shortly after he was diagnosed as having asbestosis, Mr. Leonard filed a workers' compensation claim in Virginia against Stone & Webster and its compensation insurance carrier, Continental Casualty Company. After he testified before the Commission and while his claim was pending, Mr. Leonard died in Durham, North Carolina. On 28 August 1979, the Virginia Industrial Commission awarded Marie B. Leonard, Mr. Leonard's widow, workers' compensation of $175 per week for 500 weeks. The Commission also ordered Stone & Webster and Continental Casualty Company to pay all of Mr. Leonard's medical expenses resulting from his disability, as well as statutory burial expenses.

Marie B. Leonard was appointed the acting administratrix of the estate of Samuel L. Leonard and on 1 August 1979 filed an action against the defendants in the present case to recover damages for the wrongful death of her husband. Defendants are manufacturers and/or processors and retailers of asbestos products which may have caused Mr. Leonard's asbestosis and resulting death. On 2 March 1981, defendants moved to amend their answer by adding the following:

### LAST DEFENSE

On information and belief it is alleged that the employer of plaintiff's intestate, to-wit, Stone & Webster Engineering Corp., at the time of his alleged exposure to asbestos was negligent in that it failed to properly and safely equip plaintiff with the necessary protection. That it provided the

orders and directions under which plaintiff worked involving any asbestos that may have been in his work area. That it allowed asbestos products to be used by plaintiff and others on its premises in a manner so as to create a condition of danger for the plaintiff. That as to any asbestos-containing products that may have been shipped, if any, by this answering defendant to the plaintiff's said employer, although the said employer knew or should have known in the exercise of ordinary care of the general warnings contained on, shipped with and generally noted by any defendant so shipping and others, it still failed to pass on these warnings to plaintiff and others. That it failed to provide suitable training and education for its employees, including the plaintiff's intestate; and also for its sub-contractors and contractors about the premises or it failed to enforce such safety training and it failed to require the plaintiff and the other employees to keep the premises clean and dust free and in normal good housekeeping and cleanliness.

That if this answering defendant was negligent in any regard, which is denied, the aforementioned negligence of Stone & Webster Engineering Corp., the employer of plaintiff's intestate, was at the least the cause of any injury done to plaintiff's intestate by asbestos and such negligence of Stone & Webster Engineering Corp. joined and concurred with any denied negligence of this defendant in producing any injuries and damages sustained by plaintiff's intestate. That under the provisions of NCGS 97-10.2(e) this defendant is entitled to have submitted to the jury an issue as to whether the negligence of the employer joined and concurred with the negligence of this defendant, if any, in producing the damages to plaintiff's intestate and if such issue should be answered in the affirmative this defendant is entitled to have the verdict reduced by the amount of any worker's compensation payments or like payments made to plaintiff's intestate or made on his behalf.

Defendants' motion was granted 13 April 1981 and their amended answer ordered served on Stone & Webster. On 26 June 1981, Stone & Webster filed a motion to strike defendants' last defense on grounds that N.C.G.S. 97-10.2 and the North Carolina

Leonard v. Johns-Manville Sales Corp.

Workers' Compensation Act were inapplicable to the wrongful death action filed by Mrs. Leonard. By order filed 4 August 1981, Judge Godwin denied Stone & Webster's motion; however, the court did strike the following portion of defendants' last defense: "under the provisions of N.C.G.S. 97-10.2(e)." On 2 September 1981, Stone & Webster filed a "Response," in which it replied to defendants' Last Defense as follows:

### FIRST DEFENSE

Defendants' Last Defense fails to state a claim against Stone & Webster Engineering Corporation upon which relief can be granted, and Stone & Webster moves, pursuant to NCR Civ. P 12(b)(6), that their Last Defense be dismissed.

### SECOND DEFENSE

1. The allegations of the Last Defense are denied.

WHEREFORE, having responded to the defendants' Last Defense, Stone & Webster Engineering Corporation prays that it recover from the defendants the full amount of workers' compensation benefits paid to plaintiff's intestate or paid on his behalf, interest and attorneys' fees as allowed by law, and costs.

Although it has never been made a party in this case, Stone & Webster filed a petition for writ of certiorari in the Court of Appeals, arguing that Judge Godwin erred by failing to strike the whole of defendants' Last Defense. The Court of Appeals granted Stone & Webster's petition on 10 September 1981 and, in an opinion filed 16 November 1982, held that the trial court erred in denying Stone & Webster's motion to strike defendants' last defense. We granted defendants' petition for discretionary review 8 March 1983.

*Smith Moore Smith Schell & Hunter, by McNeill Smith and Gerard H. Davidson, Jr.; Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr.; Brown and Johnson, by C. K. Brown, Jr.; Wallace Barwick & Landis, P.A., by Fitzhugh E. Wallace; Smith Anderson Blount Dorsett Mitchell & Jernigan, by James G. Billings and Thomas N. Barefoot; Bryant Drew Crill & Patterson, by Victor S. Bryant, Jr.; and Poisson Barnhill & Britt, by Donald E. Britt, Jr., for defendant appellants.*

*Young, Moore, Henderson & Alvis, P.A., by Edward B. Clark and B. T. Henderson II, for Stone & Webster Engineering Corporation.*

*Haywood, Denny & Miller, by George W. Miller, Jr. and Michael W. Patrick, for plaintiff, amicus curiae.*

MARTIN, Justice.

The issue we must decide is whether in this North Carolina wrongful death action defendant manufacturers are entitled to amend their answers to allege as a pro tanto defense the concurring negligence of decedent's employer who had paid a Virginia workers' compensation claim arising from the asbestosis which ultimately caused decedent's death. For reasons stated below, we hold that defendants in this case may allege as a defense the concurring negligence of decedent's employer.

[1] Traditionally, this court has held that when the injury giving rise to a negligence claim occurs in another state, the law of that state will govern resolution of the substantive issues in the controversy. *E.g., Thames v. Teer Co.,* 267 N.C. 565, 148 S.E. 2d 527 (1966); *McCombs v. Trucking Co. and Miller v. Trucking Company,* 252 N.C. 699, 114 S.E. 2d 683 (1960); *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558 (1952); *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911 (1943); *Chewning v. Chewning,* 20 N.C. App. 283, 201 S.E. 2d 353 (1973); *Williams v. General Motors Corp.,* 19 N.C. App. 337, 198 S.E. 2d 766, *cert. denied,* 284 N.C. 258 (1973). N.C.G.S. 8-4 authorized our courts to "take notice of such law in the same manner as if the question arose under the law of this State." *Thames v. Teer Co., supra.* The party seeking to have the law of a foreign jurisdiction apply has the burden of bringing such law to the attention of the court. If the foreign jurisdiction has no law, either statutory or decisional, on the question involved, the courts of this state will not speculate what law such jurisdiction might adopt and will apply the law of North Carolina.

In the present case, Stone & Webster argues that because the place of decedent's injury was in Virginia, the law of Virginia should apply and Virginia law would not permit it to be brought into this litigation for any purpose. Virginia does not have a statute permitting or prohibiting a third party sued in tort by an employee to allege as a pro tanto defense the negligence of an employer who has paid workers' compensation to the employee

for the injury. *Cf.* N.C. Gen. Stat. § 97-10.2(e) (1979). Like North Carolina, however, Virginia does not permit defendants in an employee's tort suit to join an employer as a party defendant based on a claim that the employer is a joint tort-feasor if the employer has paid workers' compensation for the injury sued upon. *Virginia Elec. & Power Co. v. Wilson,* 221 Va. 979, 277 S.E. 2d 149 (1981) (cited hereafter as "Vepco"). *See, e.g., Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768 (1953). In *Vepco,* Virginia Electric and Power Company was sued in tort by employees of K. F. Wilson for damages for personal injuries allegedly caused by a gas main explosion. K. F. Wilson had paid workers' compensation to these employees, and the power company sought to implead Wilson in the personal injury suit for contribution or indemnity on the theory that Wilson was a joint tort-feasor. The Supreme Court of Virginia affirmed dismissal of Wilson as a third-party defendant, holding that because plaintiff had no right of action in tort against Wilson, the power company could not implead Wilson for contribution or indemnity. *See* Va. Code §§ 8.01-34, 65.1-40 (1980); *Fauver v. Bell,* 192 Va. 518, 65 S.E. 2d 575 (1951). *See also Jennings v. Franz Torwegge Machine Works,* 347 F. Supp. 1288 (W.D.Va. 1972).

However, neither our own research nor that of Stone & Webster has revealed any Virginia case either permitting or prohibiting third parties to raise the employer's negligence as a pro tanto defense in a suit such as the instant one. Stone & Webster urges this Court to read the *Vepco* decision, *supra,* as an indication that the Supreme Court of Virginia would not allow Stone & Webster to be brought into this suit for any purpose. We decline to engage in such speculation. If this case were before it, the Supreme Court of Virginia might very well allow Stone & Webster to be brought into this suit for the limited purpose argued by defendants, while refusing to allow it to be impleaded as a joint tort-feasor. *Cf. Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419 (1933) ("Brown II"). In the absence of any Virginia law one way or the other on this issue, the rule of *lex loci delicti commissi* does not apply. Instead, we hold that North Carolina law applies.[1] We now explain what that law is.

1. Moreover, even if Virginia law clearly prohibited an employer's negligence to be litigated for the limited purposes allowed under North Carolina law, under

Leonard v. Johns-Manville Sales Corp.

**[2]** If Mr. Leonard had been awarded workers' compensation under the North Carolina Workers' Compensation Act, then in this tort action defendants would have been able to bring decedent's employer into the suit for limited purposes by alleging that the employer's contributory negligence was a cause of decedent's injuries. N.C.G.S. 97-10.2 provides in pertinent part as follows:

> (a) The right to compensation and other benefits under this Article for disability, disfigurement, or death shall not be affected by the fact that the injury or death was caused under circumstances creating a liability in some person other than the employer to pay damages therefor, such person hereinafter being referred to as the "third party." The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section.
>
> (b) The employee, or his personal representative if he be dead, shall have the exclusive right to proceed to enforce the liability of the third party by appropriate proceedings if such proceedings are instituted not later than 12 months after the date of injury or death, whichever is later. . . .
>
> . . . .
>
> (e) The amount of compensation and other benefits paid or payable on account to [*sic*] such injury or death shall not be admissible in evidence in any proceeding against the third party. If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death, then an issue shall be submitted to the jury in such case as to whether actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death. The employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as

the facts of this case, the governmental interests and public policy of our state would require us to abjure the *lex loci delicti commissi* rule.

to this issue as fully as though he were a party although not named or joined as a party to the proceeding. Such issue shall be the last of the issues submitted to the jury. If the verdict shall be that actionable negligence of the employer did join and concur with that of the third party in producing the injury or death, then the court shall reduce the damages awarded by the jury against the third party by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation hereunder and the entire amount recovered, after such reduction, shall belong to the employee or his personal representative free of any claim by the employer and the third party shall have no further right by way of contribution or otherwise against the employer, except any right which may exist by reason of an express contract of indemnity between the employer and the third party, which was entered into prior to the injury to the employee.

N.C. Gen. Stat. § 97-10.2(a), (b), (e) (1979). However, because in this case neither decedent nor his administratrix recovered workers' compensation under the North Carolina act, N.C.G.S. 97-10.2(e) does not control. N.C. Gen. Stat. § 97-10.2(a) (1979). Nevertheless, we find that the policy and reasoning behind this statute apply equally to the facts in the present case and thus defendants may allege the contributory negligence of Stone & Webster as a defense for the same limited purposes and by the same procedure set forth in N.C.G.S. 97-10.2.

The procedure provided for in N.C.G.S. 97-10.2(e) was created judicially in *Brown II, supra*, 204 N.C. 668, 169 S.E. 419. In that case plaintiff's intestate was driving a truck in the employ of Chero-Cola Bottling Company ("Chero-Cola") when he was struck and killed by a train owned by defendant, Southern Railway Company ("Railway"). Chero-Cola paid decedent's administrator workers' compensation and this administrator then instituted a wrongful death action against Southern Railway. Under the workers' compensation statute in effect at the time, an employer who had paid workers' compensation was entitled to be subrogated pro tanto to the employee's right to recover damages from a third party whose negligence caused the employee's injury:

> The acceptance of an award under [the Workmen's Compensation Act] against an employer for compensation for the

injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party.

N.C. Code Ann. § 8081(r) (Supp. 1929). Thus, if Railway were determined liable for decedent's death, Chero-Cola would be paid from the damages assessed an amount equal to the workers' compensation it had paid to decedent.[2]

In the wrongful death case brought against it, however, Railway moved to join Chero-Cola as a party defendant, alleging that Chero-Cola's negligence was also a cause of decedent's death and thus Chero-Cola was liable as a joint tort-feasor. The trial court allowed Railway's motion, but on appeal this Court reversed, explaining that once an employer has paid workers' compensation he cannot be held liable with a third party as a joint tort-feasor.

In *Conrad v. Foundry Co.*, 198 N.C. 723, 153 S.E. 256 [266], it is said that the General Assembly of this State by its enactment of chapter 120, Public Laws 1929, known as the Workmen's Compensation Act, discarded the theory of fault as the basis of liability of an employer to his employee, when both have become in accordance with its provisions, subject to said act, and conferred an absolute right of compensation on every employee who is injured by an accident arising out of and in the course of the employment. In consideration of the enlarged liability of the employer to an injured employee, the employee is deprived by the act of certain rights and remedies which he had prior to its enactment, both at common law and under statutes of this State. Section 11 of said act (N. C. Code, 1931, sec. 8081(r)[)], expressly provides that "the rights and remedies herein granted to an employee,

---

2. If the damage award exceeded the amount of workers' compensation the employer had paid, the remainder, less costs and attorney's fees, would be given to the employee or his personal representative. N.C. Code Ann. § 8081(r) (Supp. 1929).

when he and his employer have accepted the provisions of this chapter, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representatives, parents, dependents or next of kin, as against his employer, at common law or otherwise, on account of such injury, loss of service or death."

By virtue of the foregoing provision of the statute, the Chero-Cola Bottling Company, on the facts appearing in the record, and admitted for the purposes of plaintiff's appeal, is not liable to plaintiff as a joint *tort-feasor*. The said company has been expressly relieved of such liability by the provisions of the statute.

*Brown v. R. R.*, 202 N.C. 256, 263-64, 162 S.E. 613, 617-18 (1932) ("Brown I"). Therefore, Chero-Cola could not be made a party defendant in the action. *See generally* Larson, *Third-Party Action Over Against Workers' Compensation Employer*, 1982 Duke L.J. 483 (1982).

However, Railway then went on to amend its answer to allege that because Chero-Cola's negligence was a cause of decedent's death, Chero-Cola and its insurer should be barred from any recovery insofar as they would become beneficiaries of any damages that might be awarded by virtue of N.C. Code Ann. § 8081(r). Upon plaintiff's motion, the trial court struck Railway's amended answer as "immaterial and irrelevant." Railway appealed to this Court, which explained the theory behind Railway's amendment as follows:

The defendant by leave of court filed an amended answer as set out above and said to the employer in substance: "If it be conceded that I was negligent, you were also guilty of negligence. If I killed the deceased you participated actively in the killing, and sound public policy, sanctioned and adopted by decisions of the Supreme Court, forbids you to profit by your own wrong or to pluck good fruit from the evil tree of your own planting." The pertinent idea was declared in *Davis v. R. R.*, 136 N.C. 115, 48 S.E. 591, as follows: "The underlying principle in our view is that no one shall profit by his own wrong, and if the father's negligence, and not that of the railroad company, was the proximate cause of the death

(under the doctrine of the 'last clear chance'), it would be obviously wrong to permit him to put money into his pocket for damages proximately caused by his own negligence, because sued for through an administrator (whether himself or another), yet for his benefit." [136 N.C. at 87, 48 S.E. at 592.] The same thought was expressed in *Goldsmith v. Samet*, 201 N.C. 574 [160 S.E. 835] in these words: "In the instant case, therefore, if recovery were allowed, the amount would be divided between the two wrongdoers. This is also contrary to the policy of the law." [201 N.C. at 575, 160 S.E. at 835.]

*Brown II, supra*, 204 N.C. at 670, 169 S.E. at 420.

The Court then held that Railway could amend its answer to raise as a defense that the employer's negligence caused the employee's death. As the Court explained:

[W]hen the employee or his estate has been satisfied, and the employer seeks to recover the amount paid by him, from such third party, his hands ought not to have the blood of the dead or injured workman upon them, when he thus invokes the impartial powers and processes of the law.

. . . [I]f such defense [contributory negligence of the employer] be not recognized, an employer could by his own negligence participate in the killing or injuring of the workman, pay for it, and then wash his hands of his own wrong merely because he brought a suit against the third party, who also contributed to the injury or death.

*Id.* at 671, 169 S.E. at 420. Thus, although Chero-Cola could not be made a party defendant, if the defendants proved that Chero-Cola's negligence contributed to decedent's death, Chero-Cola could not recover its subrogated interest, and the damages awarded plaintiff employee would be reduced by the amount of the employer's subrogated interest. It was this holding that was codified in 1959 as N.C.G.S. 97-10.2(e).

We find that the reasoning of *Brown II, supra*, applies equally to the instant case. If Stone & Webster, decedent's employer, negligently contributed to decedent's death, it would be grossly inequitable not to permit defendants to prove this in a wrongful death action. Further, Stone & Webster might then attempt to

recover from the plaintiff an amount equal to the workers' compensation it had paid. *Cf.* N.C. Gen. Stat. § 97-10.2(f) (1979); Va. Code § 65.1-41 (1980). The mere fact that Stone & Webster paid decedent's workers' compensation claim under Virginia's workmen's compensation act will not be allowed to undermine the policies of fairness and the long-standing principle that no one should benefit from his own wrong. *Davis v. R. R.,* 136 N.C. 115, 48 S.E. 591 (1904).

In summary, we hold that defendants may raise Stone & Webster's negligence as a pro tanto defense. Stone & Webster shall not be made a party defendant, although it shall be afforded the opportunity to defend against the allegation of negligence in the manner provided in N.C.G.S. 97-10.2(e). The decision of the Court of Appeals is

Reversed.