LARRY GORDON BRAXTON, PLAINTIFF v. ANCO ELECTRIC, INC., DEFENDANT

No. 9010SC139

(Filed 20 November 1990)

**Master and Servant §§ 86, 87 (NCI3d)— injury in Virginia—North Carolina workers' compensation collected—North Carolina statute applied—negligence action barred**

The trial court erred by granting defendant's motion to dismiss a negligence action where plaintiff was the employee of a plumbing subcontractor and defendant was the electrical subcontractor on a job in Virginia; plaintiff was injured in a fall from a ladder allegedly caused by an electrical explosion; plaintiff collected workers' compensation under the North Carolina statute; and North Carolina was the place of plaintiff's residence, the location of defendant's business, and the place of the initial hiring. Although defendant contended that the Virginia Workers' Compensation Act would have barred plaintiff's claim, the *lex loci* principle does not apply in dealing with conflicting workers' compensation laws where the interest and public policy of North Carolina override. Plaintiff sought and received workers' compensation benefits pursuant to the North Carolina Workers' Compensation Act, and it is clear that all parties are North Carolina citizens, North Carolina is the state with the greatest interest in the matter, and North

BRAXTON v. ANCO ELECTRIC, INC.

[100 N.C. App. 635 (1990)]

Carolina has a significant interest in applying its own law based on the employment relationship and its connection with North Carolina. N.C.G.S. § 97-10.2.

**Am Jur 2d, Workmen's Compensation §§ 55, 56, 63, 86, 88.**

**Modern status of rule that substantive rights of party to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.**

APPEAL by plaintiff from order entered 5 February 1990 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 30 August 1990.

Plaintiff, a resident of Raleigh, North Carolina, was employed as a plumber's helper for Dubberly and Son Plumbing and Electrical (Dubberly), a North Carolina corporation. Plaintiff began working on the construction of a shopping center in Franklin, Virginia, a project for which Dubberly was plumbing subcontractor. The general contractor for the project was Bailey and Associates, a North Carolina corporation. Defendant Anco Electric, Inc., also a North Carolina corporation, was electrical subcontractor for the construction project.

On 11 March 1987, plaintiff was injured in a fall from a ladder which plaintiff alleges was the result of an electrical explosion. Dubberly began paying plaintiff workers' compensation benefits beginning 28 March 1987 pursuant to the North Carolina Workers' Compensation Act.

Plaintiff brought this civil action against defendant Anco alleging the negligence of Anco's employees in proximately causing plaintiff's injuries and sought punitive and compensatory damages. Defendant moved to dismiss on the grounds that plaintiff's action was barred by the Virginia Workers' Compensation Act. The trial court granted the motion to dismiss.

From this order, plaintiff appeals.

*Edelstein, Payne & Nelson, by Steven R. Edelstein, for plaintiff-appellant.*

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, by Donnell Van Noppen, III, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by David H. Batten and Loann S. Meekins, for defendant-appellee.*

BRAXTON.v. ANCO ELECTRIC, INC.

[100 N.C. App. 635 (1990)]

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting defendant's motion to dismiss. For the reasons set forth below, we reverse the trial court's order.

Under North Carolina law, the right of an employee to maintain a negligence action against persons other than the employer and those carrying out the employer's business is governed by N.C. Gen. Stat. § 97-10.2 (1985) of the N.C. Workers' Compensation Act. *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E.2d 548 (1966). The Act provides for a right of action on behalf of an injured employee against a third party even though the injured party applied for and received workers' compensation benefits. *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E.2d 886 (1953).

In contrast, Virginia law prohibits a similar right of action. Under the Virginia Workers' Compensation Act, "[a]n employee who has accepted the provisions of the Act is therefore limited to the exclusive rights and remedies under the Act (Section 65.1-40) as against his employer." *Snowden v. Virginia Elec. & Power Co.*, 432 F. Supp. 266, 268 (E.D.Va. 1976). Any "owner, contractor, or subcontractor who subcontracts work which is part of his trade to another person or a subcontractor who in turn subcontracts with another person" is liable for paying compensation to any worker "employed in the work that each undertakes." *Smith v. Weber*, 3 Va. App. 379, 382-83, 350 S.E.2d 213, 215 (1986); *see* Va. Code Ann. §§ 65.1-29 to -31 (1987). Further, recovery under the Act is the exclusive remedy where an employee is injured by a fellow employee or statutory employee. *See Evans v. Hook*, 239 Va. 127, 387 S.E.2d 777 (1990); *Smith v. Horn*, 232 Va. 302, 351 S.E.2d 14 (1986). However, under Va. Code Ann. § 41 (1987), an employee may bring a tort action against an "other party" who is a "stranger to the trade, occupation, or business of his employer." *Conlin v. Turner's Express, Inc.*, 229 Va. 557, 559, 331 S.E.2d 453, 455 (1985).

Thus, Virginia prohibits an injured employee of a subcontractor from bringing a tort action against a general contractor (his statutory employer), *Slusher v. Paramount Warrior, Inc.*, 336 F. Supp. 1381 (W.D.Va. 1971); prohibits an employee from bringing an action against the subcontractor of his employer where the subcontractor is not a stranger to the employer's work, *Kast v. PPG Industries, Inc.*, 664 F.Supp. 237 (W.D.Va. 1987); *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102, *appeal dis-*

*missed*, 474 U.S. 802, 106 S.Ct. 33, 88 L.Ed.2d 26 (1985); and prohibits an injured employee of a subcontractor from bringing an action against another subcontractor on the job of the same general contractor. *Utica Mut. Ins. Co. v. Potomac Iron Works, Inc.*, 300 F.2d 733 (D.C. Cir. 1962) (applying Virginia law).

Defendant contends that Virginia's exclusive remedy provision governs and that plaintiff's claim should be disallowed. While we acknowledge that normally the law of the *lex loci* governs, we conclude that under the facts of this case it should not. Accordingly, for the reasons set forth below, we disagree and reverse the trial court's order dismissing plaintiff's action.

Traditionally, North Carolina has adhered to the conflict of laws rule that the *lex loci* determines matters affecting substantial rights. *Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988); *Charnock v. Taylor*, 223 N.C. 360, 26 S.E.2d 911 (1943). In North Carolina, where a plaintiff is injured in another state, the law of that state will determine substantive issues in a negligence action. *Boudreau*, 322 N.C. at 335, 368 S.E.2d at 854. However, in dealing with conflicting workers' compensation laws, in *Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 96, 305 S.E.2d 528, 532 n.1 (1983), our Supreme Court noted that the *lex loci* principle did not apply where the interests and public policy of North Carolina override.

In *Leonard*, plaintiff was injured in Virginia and filed for, and his widow later received, his workers' compensation benefits under the Virginia Workers' Compensation Act. Following his death, the administratrix brought a third-party tort action in North Carolina against certain manufacturers and distributors of asbestos. In North Carolina, in a negligence action by an injured employee who had received workers' compensation benefits from the employer, the third-party tortfeasor can allege as a *pro tanto* defense the concurring negligence of the employer. *See* N.C. Gen. Stat. § 97-10.2. Unlike North Carolina, however, Virginia had no law either permitting or denying a third-party sued in a negligence action to raise as a defense the employer's negligence. The employer argued that since the injury occurred in Virginia, Virginia law should apply and the defense should not be allowed.

The N.C. Supreme Court determined that North Carolina law applied even though plaintiff received workers' compensation benefits pursuant to the Virginia Workers' Compensation Act stating that

"[i]n the absence of any Virginia law one way or the other on this issue, the rule of *lex loci delicti commissi* does not apply." *Id.* at 96, 305 S.E.2d at 532. The Court further noted that "even if Virginia law clearly prohibited an employer's negligence to be litigated for the limited purposes allowed under North Carolina law, under the facts of this case, the governmental interests and public policy of our state would require us to abjure the *lex loci delicti commissi* rule." *Id.* at 96, 305 S.E.2d at 532 n.1.

Defendant cites *McCann v. Newport News Shipbuilding & Dry Dock Co.*, 177 F. Supp. 909 (E.D.Va. 1959), where the plaintiff, a New Jersey resident employed by a New Jersey company, was injured at defendant's shipyard in Virginia. He made no claim for benefits under the Virginia Workers' Compensation Act, though he had a right to benefits as a statutory employee of the shipyard. However, he did receive benefits under the New Jersey Workers' Compensation Act. The court held that the action was barred under the Virginia law, noting that

> [w]hile the precise question has apparently never been decided in Virginia, as the compensation statutes make no reference to the status of non-residents working in Virginia at the time of the accident, it is believed that Virginia intended to grant such remedies to, and impose such restrictions and limitations upon, such non-residents to the same extent as though they were residents and employed by a Virginia employer.

*Id.* at 913.

Defendant also cites *Home Indemnity Co. of New York v. Poladian*, 270 F.2d 156 (4th Cir. 1959), in which plaintiff, a resident of the District of Columbia, was employed by a District of Columbia subcontractor and injured in Virginia. The general contractor was a Virginia resident doing business in Virginia. The applicable law in the District of Columbia did not bar a negligence action against the general contractor. The court held that the Virginia Workers' Compensation Act applied since Virginia was the place of injury.

However, the *Home Indemnity* Court noted that "when all the parties reside and make their employment and insurance arrangements in a certain place, they have it in contemplation that the law of that place shall govern their relationships, rather than the purely adventitious circumstance that an injury may occur in another place." *Id.* at 159. Such a proposition did not apply in

*Home Indemnity* where the general contractor was a Virginia resident and should not be bound by "private arrangements made elsewhere between others." *Id.* Both *McCann* and *Home Indemnity* are thus distinguishable from the present case in which all the parties involved are North Carolina residents and their employment relationship was created in North Carolina.

In the present case, plaintiff sought and received workers' compensation benefits pursuant to the North Carolina Workers' Compensation Act. In contrast, in *Leonard*, the plaintiff received workers' compensation benefits pursuant to the Virginia act, and the court nevertheless applied North Carolina law since Virginia had no law governing the issue. Further, the court noted that the *lex loci* principle did not apply where interests and public policy of North Carolina override. *Leonard*, 309 N.C. at 96, 305 S.E.2d at 532 n.1. It is clear that all parties are North Carolina citizens and North Carolina is the state with the greatest interest in the matter. Thus, the choice of law should not be based on the fortuitous circumstance that an injury occurred elsewhere. North Carolina is the place of plaintiff's residence, the location of defendant's business, and the place of the initial hiring. Thus, North Carolina has significant interests in applying its own law based on the employment relationship and its connection with North Carolina. Pursuant to N.C. Gen. Stat. § 97-10.2, it is the sound public policy of the State of North Carolina to provide for a right of action on behalf of an injured employee against a third party tortfeasor (even if a fellow subcontractor) and even though the injured employee applied for and received workers' compensation benefits.

Therefore, we reverse the trial court's order dismissing plaintiff's claim on the grounds that plaintiff's action was barred by the Virginia Workers' Compensation Act and hold that plaintiff's action is controlled by the North Carolina Workers' Compensation Act.

Reversed.

Judges COZORT and DUNCAN concur.