**Alexandria**

FIRST VIRGINIA BANKS, INC.

v.

FANNIE BELL MCNEIL

No. 0987-88-4

Decided May 30, 1989

COUNSEL

Nancy L. Repa (Richard A. Yeagley, on brief), for appellant.

Metin A. Cay, for appellee.

OPINION

BARROW, J.—This is an appeal from the Industrial Commission in which the employer contends that the commission erred in determining the employee's average weekly wage by not excluding from the computation wages earned by the employee while doing domestic housecleaning. We conclude that earnings used in calculating an employee's "average weekly wages" include earnings from non-covered employment; thus, we affirm.

The employee, in addition to working twenty hours a week in a cleaning crew for the employer, did housecleaning for individual homeowners. She worked four hours per day for thirteen individual homeowners. The employer agrees that the work performed by the worker in the individual homes was similar to the work she performed for the employer.

Under the Workers' Compensation Act, an employee's "average weekly wages" consist of earnings "in the employment in which he was working at the time of the injury." Code § 65.1-6(A)(1). The employer agrees that this definition includes an employee's combined earnings from similar services for more than one "covered" employer. *See Cottrell v. Hawthorne Aviation, Inc.*, 56 O.I.C. 71, 73 (1975); *cf. Hudson v. Arthur Treachers*, 2 Va. App. 323, 326, 343 S.E.2d 97, 99 (1986).

We conclude that an employee's "average weekly wages" also include an employee's earnings from similar services for employment not covered by the Workers' Compensation Act. Since the language of the applicable statute is clear and unambiguous, *see* Code § 65.1-6, there is no need for further judicial construction. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). The plain meaning of the statute requires that all earnings from employment, whether covered or not, should be included in determining the average weekly wage.

This view is consistent with the legislative intent expressed in other language in the statute. The statute also provides that "for exceptional reasons . . . such other method of computing average weekly wages may be resorted to as will most nearly approximate the *amount which the injured employee would be earning were it not for the injury.* Code § 65.1-6(A)(2) (emphasis added.) The amount this injured employee would have been earning were it not for the injury includes both covered and non-covered employment.

The provision in the Act excluding coverage for domestic servants, Code § 65.1-28, does not affect the determination of a covered employee's "average weekly wages." This provision does not define what earnings are to be included in determining the average weekly wage of a covered employee. Instead, it defines what type of employers and employees are covered by the terms of the Act. Moreover, the statutory definition of "average weekly wages" does not incorporate an exclusion for domestic employees. *See* Code § 65.1-6. Therefore, the determination of average weekly wages is controlled by Code § 65.1-6 and not by the provision defining who is covered by the Act.

The employer relies on language in *Faulkner v. Industrial Commission*, 71 Ariz. 76, 223 P.2d 905 (1940), and argues that the employer and its carrier will be at risk for other employers which it cannot control or monitor and which have not paid premiums for workers' compensation insurance. This risk is no different than it would be if the employment were covered under the Act. The employer would have no greater ability to know about, to control or to monitor an employment in another covered employment than it would in non-covered employment. The payment of premiums for workers' compensation insurance by another employer does not benefit this employer; therefore, the lack of pay-

ment of such premiums by a non-covered employer also does not affect this employer.

Counsel for the employer has argued that the employee was an independent contractor while working as a domestic servant and for this reason her earnings in that endeavor should not be included in determining her average weekly wage. However, this issue was not addressed in the appellant's brief, and we will not now consider it. *See Rogers v. Rogers*, 170 Va. 417, 421, 196 S.E. 586, 588 (1938).

Finally, the employer contends that the burden of proof was on the employee and that the "tone" of the deputy commissioner's opinion suggests that the burden rested on the employer. We do not read the deputy commissioner's opinion as placing the burden of proof on the employer. More importantly, the commission's opinion did not do so. Since there was credible evidence to support the commission's determination of the worker's average weekly wage, the commission's decision must be affirmed. *See Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986).

For these reasons the award of the commission is affirmed.

*Affirmed.*

Duff, J., and Keenan, J., concurrred.