METROPOLITAN CLEANING
CORPORATION, INC., et al.

v.

MARIA CRAWLEY

No. 0214-90-4

Decided August 27, 1991*

---

\* Petition for rehearing granted October 17, 1991.

COUNSEL

Benjamin J. Trichilo (Lewis, Tydings, Bryan, Trichilo & Bancroft, on briefs), for appellants.

Craig A. Brown (Lawrence J. Pascal; Ashcraft & Gerel, on brief), for appellee.

OPINION

**DUFF, J.**—Metropolitan Cleaning Corporation (Metropolitan) appeals the decision of the Industrial Commission which allowed Maria Crawley (claimant) to aggregate income she earned in similar employment in order to determine her rate of compensation. Metropolitan contends: (1) the commission erred in holding that Crawley was an "employee" in the performance of the similar employment, and (2) the commission erred in its computation of Crawley's average weekly wage from such similar employment. We reverse as to the first issue which renders the second issue moot.

The claimant sustained an injury to her lower back on October 29, 1988, while employed as a custodian for Metropolitan. Metropolitan accepted the claim as compensable and paid benefits based on an average weekly wage of $109.32. Thereafter, claimant filed an application for a hearing to amend the calculation of her average weekly wage to include her earnings from household work for various homeowners.

The evidence shows Crawley's work as a custodian for Metropolitan was performed at National Airport on the weekends. Her duties included mopping, cleaning bathrooms, emptying ashtrays, picking up trash, and dusting electrical units. During the week, she worked as a housecleaner for seven individual homeowners for fees ranging between $45 to $50 per house, per week. Her duties in this work involved general housecleaning, cleaning of bathrooms, windows, dusting, vacuuming and scrubbing floors. At one residence, she also took care of an elderly woman and made her bed. She testified that she could earn between $340 to $360 per week cleaning houses. Schedule C on her 1988 income tax return, introduced into evidence, showed her income from this source was $11,440.

At the hearing on claimant's application, the parties stipulated that Crawley performed her housecleaning duties as a sole proprietor. However, the deputy commissioner, relying on this Court's opinion in *First Virginia Banks, Inc. v. McNeil*, 8 Va. App. 342, 381 S.E.2d 357 (1989), held that Crawley's income from her similar employment as a housecleaner could be included in calculating her average weekly wage. This ruling increased Crawley's average weekly wage to $446.82 ($109.32 from Metropolitan and $337.50 from the homeowners). Upon review, the full commission affirmed the deputy commissioner's decision based on a finding that Crawley was an employee, under the direct control of her employers both at Metropolitan and while working for the homeowners. This appeal followed.

Metropolitan contends claimant's stipulation that her housecleaning work was performed as a sole proprietor indicates she was an independent contractor whose "profit" or "income" from her contracts should not be combined with her wages from Metropolitan. We agree.

The deputy commissioner, pursuant to the stipulation of the parties, found that the claimant's house-cleaning business constituted a sole proprietorship. However, the deputy further found that the sole proprietorship nature of Crawley's housecleaning did not disqualify her from combining her wages, based upon his interpretation of our decision in *McNeil*. In *McNeil*, we held an "employee's 'average weekly wages' also included an employee's earnings from similar services for employment not covered by the Workers' Compensation Act." 8 Va. App. at 344, 381 S.E.2d at

358. However, we expressly declined to consider the issue of whether McNeil was an independent contractor or an employee while cleaning houses, since the appellant never argued that issue.

The full commission recognized that *McNeil* did not apply to Crawley's case, and addressed the issue of whether Crawley was an employee or an independent contractor while cleaning houses. In reaching its decision, the commission considered the homeowner's right to control "the method and the means" by which the work was performed. *See Phillips v. Brinkley*, 194 Va. 62, 66-67, 72 S.E.2d 339, 341 (1952). The commission found the evidence in the record established that Crawley was employed as "a day worker or a 'servant' rather than as an independent contractor." Moreover, the commission, citing *Phillips*, further held she was an employee based upon the fact that "the nature of the employment . . . is the kind of work over which each employer had direct control." *See* 194 Va. at 66, 72 S.E.2d at 341.

"Factual findings of the commission are binding on appeal. Code § 65.1-98. However, if no credible evidence exists in support of a factual finding, the issue of sufficiency of the evidence is one of law for this Court to decide." *Spruill v. C.W. Wright Constr. Co.*, 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989). We find no evidence in the record to support the commission's finding that "the nature of the employment in which Crawley engaged . . . is the kind of work over which each employer had direct control." Moreover, the record is devoid of any evidence of the nature of control actually exercised by the homeowners. There is no evidence of the right to control Crawley. "One who seeks benefits under the Workers' Compensation Act must show that he is an employee within the definition of Code § 65.1-4. He bears the burden of proving his entitlement." *Behrensen v. Whitaker*, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990). The record, in fact, reveals that Crawley considered herself to be an independent contractor in her housecleaning business. She paid her own federal, state, and social security taxes on the income received from her housecleaning work.

Of critical importance is the commission's failure to consider the stipulation entered into by the parties that the housecleaning work was performed by the claimant as a sole proprietor. We find that the stipulation was relevant to the issue of whether Crawley was an employee or an independent contractor while engaged in

her housecleaning work. Nothing in the record suggests that the stipulation meant other than what it stated — that claimant was operating as a sole proprietor.[1] Therefore, the commission's failure to recognize this stipulation as an uncontroverted fact, and the conclusion that Crawley was an employee under these circumstances constituted error.

 Turning to the issue we declined to address in *McNeil*, we hold that the wages of an employee may not be combined with income earned as an independent contractor even if the nature of the work is similar. Code § 65.1-6 defines "average weekly wages" as "the earnings of the injured employee in the employment in which he was working at the time of the injury." The term "employee" includes "every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied." Code § 65.1-4. Independent contractors do not qualify as employees. *Intermodal Servs., Inc. v. Smith*, 234 Va. 596, 600, 364 S.E.2d 221, 223 (1988); *see Richmond Newspapers, Inc. v. Gill*, 224 Va. 92, 294 S.E.2d 840 (1982). We hold that the plain meaning and intent of Code § 65.1-6 is to include as wages the income earned as an employee *only* and not profit or gain from an independent contractor or some other form of business entity.

Having held that Crawley's income from her housecleaning business cannot be combined with her wages earned from Metropolitan, the alleged error in computation of her total wages is moot. Accordingly, the opinion appealed from is reversed and remanded for the entry of an appropriate order not inconsistent herewith.

*Reversed and remanded.*

Koontz, C.J., concurred.

Barrow, J., dissenting.

The commission's factual finding that the appellee was an employee, not an independent contractor, is binding on this court. Therefore, I must dissent from the majority's decision.

A sole proprietor is not necessarily an independent contractor. A sole proprietor may have employees who are subject to the pro-

[1] *Black's Law Dictionary*, Fifth Edition, defines "sole proprietorship" as "a form of business in which one person owns all the assets of the business in contrast to a partnership and corporation. The sole proprietor is solely liable for all of the debts of the business."

visions of the Act. *See Smith v. Weber*, 3 Va. App. 379, 381, 350 S.E.2d 213, 214 (1986). A sole proprietor may elect to be an employee covered by the Act. Code § 65.1-4.2. Whether a sole proprietor who does not so elect is an employee or an independent contractor depends upon whether the person who hires him or her retains the right to control the work to be performed. *See Intermodal Servs., Inc. v. Smith*, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988). Whether such a person is an employee as defined by the law is usually a question of fact. *Id.* at 600, 364 S.E.2d at 224. The stipulation that the appellee was a sole proprietor is not, therefore, determinative of whether she is an employee or an independent contractor.

In addition to the stipulation, the commission had other evidence before it from which to determine if she was an employee or an independent contractor. There was evidence that the appellee "cleaned, dusted, swept, mopped and vacuumed in addition to cleaning windows and washing cabinets" for her other employers. In addition, she assisted an infirmed employer in taking baths. At no time was she required to furnish her own tools or supplies. "She either reported to or was transported to the place of each employment where her work activity was pursued under the control of each employer." The commission found that "the nature of the employment in which [she] engaged . . . is the kind of work over which each employer had direct control" and that she was "under the control of the employer."

An award of the commission is "conclusive and binding as to all questions of fact." Code § 65.1-98. The stipulation that the appellee was a sole proprietor and was taxed as such, although strongly probative of a factual finding that she was an independent contractor, was not conclusive as a matter of law on this issue. There was other evidence from which the commission could and did find that she was an employee. I would, therefore, affirm the commission's decision.