**Richmond**

METROPOLITAN CLEANING CORPORATION, INC.

v.

MARIA CRAWLEY

No. 0214-90-4

Decided April 7, 1992

COUNSEL

Benjamin J. Trichilo (Lewis, Trichilo & Bancroft, P.C., on brief), for appellant.

Lawrence J. Pascal and Craig A. Brown (Ashcraft & Gerel, on brief), for appellee.

## UPON REHEARING EN BANC

OPINION

BARROW, J.—In this appeal, a rehearing *en banc* was granted from a decision of a panel in which there was a dissent.[1] The appeal is from an award of the Workers' Compensation Commission* and challenges the commission's decision to include Crawley's earnings from similar employment as a domestic worker in determining her average weekly wage. We hold that credible evidence supported the commission's finding that Crawley was an employee, not an independent contractor, in her employment as a domestic worker. For this reason, we affirm the commission's decision to include her earnings from similar employment.

While employed as a custodian for Metropolitan, Crawley received a compensable injury. Metropolitan paid her benefits based on an average weekly wage of $109.32 per week, the amount she was paid by Metropolitan.

Crawley worked for Metropolitan at National Airport on Saturdays and Sundays where she cleaned and supplied ladies' rest rooms, swept and picked up trash in the public areas of the terminal, and dusted chairs and elevators. During the remainder of the week, she was a domestic, day worker in private homes where she "cleaned, dusted, swept, mopped and vacuumed in addition to cleaning windows and washing cabinets." In one home, she also assisted an infirm lady in taking baths.

Crawley applied to the commission to include her earnings as a day worker in calculating her average weekly wage. Metropolitan contended that her other earnings should not be included because they were derived from work she did as an independent contractor, not as an employee. The commission found that Crawley was "employed as a day worker or a 'servant' rather than as an inde-

---

[1] The decision of the panel is reported at 12 Va. App. 1167, 408 S.E.2d 570 (1991).

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

pendent contractor" and concluded, therefore, that her earnings from other, similar employment should be included in determining her average weekly wage.

■ "[A]verage weekly wages" include "the earnings of the injured employee in the employment in which he was working at the time of the injury." Code § 65.1-6.[2] For this purpose, "earnings" include not only earnings from the employer for whom the employee was working at the time of the accident but also earnings from similar services from other employment. *First Virginia Banks, Inc. v. McNeil*, 8 Va. App. 342, 344, 381 S.E.2d 357, 358 (1989). Earnings from other similar employment may include domestic employment even though domestic employees are excluded from coverage under the act. *Id.*

■ "[T]he earnings of the injured employee" for this purpose are not expressly limited to wages earned by an employee, *see* Code § 65.1-6, and Crawley contends that whether she is an employee in her other employment is immaterial so long as her earnings from such employment resulted from performing similar services as those required by her covered employment. We need not address this issue because we conclude that the commission's finding that Crawley was an employee is supported by credible evidence.

■ "What constitutes an employee is a question of law"; however, whether a specific person falls within that definition "is usually a question of fact." *Intermodal Servs., Inc. v. Smith*, 234 Va. 596, 600, 364 S.E.2d 221, 223 (1988) (quoting *Baker v. Nussman*, 152 Va. 293, 298, 147 S.E. 246, 247 (1929)). Generally, "a person is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed." *Richmond Newspapers v. Gill*, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982). "The right of control is the determining factor in ascertaining" whether one is an employee or not. *Smith*, 234 Va. at 601, 364 S.E.2d at 224. This right of control includes "the power

---

[2]  Code § 65.1-6 reads in part:
Unless the context otherwise requires, "average weekly wages" means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two.

to specify the result to be attained [and] the power to control 'the means and methods by which the result is to be accomplished.' " *Id.* A person is an employee if the person for whom he or she is working "has the power to direct the means and methods by which [he or she] does the work." *Id.*

The parties stipulated that Crawley was a sole proprietor while performing her domestic, day work. A sole proprietor, however, is not necessarily an independent contractor. A sole proprietor may have employees who are subject to the provisions of the act. *See Smith v. Weber*, 3 Va. App. 379, 381, 350 S.E.2d 213, 214 (1986). A sole proprietor may also elect to be an employee covered by the act. Code § 65.1-4.2. Whether a sole proprietor who does not so elect is an employee or an independent contractor depends upon the nature of the relationship, particularly whether the person who hires him or her retains the right to control the work to be performed. *See Smith*, 234 Va. at 601, 364 S.E.2d at 224. Whether such a person is an employee under the act is usually a question of fact. *Id.* at 600, 364 S.E.2d at 224. The stipulation that Crawley was a sole proprietor is not, therefore, conclusive in determining whether she is an employee or an independent contractor in her similar employment.

As a sole proprietor, Crawley paid her own federal, state and social security taxes on the income she received from her domestic, day work. This fact, although persuasive, is also not conclusive in resolving whether she was an employee "under the control of [her] employer."

Crawley either reported to or was transported to each of the homes where she worked. She was not required to furnish her own tools or supplies. Furthermore, the commission found that "the nature of the employment in which [she] engaged . . . is the kind of work over which each employer had direct control."

An administrative agency is expected to "apply expert discretion to the matters coming within its cognizance." *Virginia ABC Comm'n v. York St. Inn, Inc.*, 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979) (quoting *Schmidt v. Board of Adjustment*, 9 N.J. 405, 423, 88 A.2d 607, 615-16 (1952)). Accordingly, we must "give deference to the expertise and knowledge of the agency in the area which it supervises and regulates." *Johnson v. Virginia Employment Comm'n*, 8 Va. App. 441, 448, 382 S.E.2d 476, 479

(1989).

■ As a fact finder, a commission established by the legislature to decide workers' compensation disputes "acquires an expertise and accumulates an experience in [its] limited, specialized field often more extensive than that of the judiciary." *Dunton v. Eastern Fine Paper Co.*, 423 A.2d 512, 514 (Me. 1980) (quoting *Jacobsky v. D'Alfonso & Sons, Inc.*, 358 A.2d 511, 514 (Me. 1976)). The scope of a judicial review of the fact finding function of a workers' compensation commission is "severely limited, partly in deference to the agency's expertise in a specialized field." *Brown v. Workmen's Compensation Appeal Bd. (Transworld Airlines)*, 505 Pa. 35, 38, 476 A.2d 900, 902 (1984); *see also Szumski v. Dale Boat Yards, Inc.*, 48 N.J. 401, 410, 226 A.2d 11, 16, *cert. denied*, 387 U.S. 944 (1967); *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 130, 767 P.2d 363, 369 (Ct. App.), *cert. denied*, 107 N.M. 785, 781 P.2d 305 (1988). Such deference to an administrative agency's fact finding because of its "technical expertise [and] more extensive experience [is appropriate] so long as its decision is reasonable and rational." *Wright's Furniture Mill, Inc. v. Industrial Comm'n of Utah*, 707 P.2d 113, 114 (Utah 1985).

The commission's finding that Crawley performed "the kind of work over which each employer had direct control [is a finding within the commission's] expertise and knowledge . . . in the area which it supervises and regulates." *Johnson*, 8 Va. App. at 448, 382 S.E.2d at 479. This finding was based on the commission's examination of the nature of Crawley's work as a domestic, day worker. The commission's finding was a reasonable and rational inference based on the evidence presented. We, therefore, defer to the commission regarding this finding.

An award of the commission is "conclusive and binding as to all questions of fact." Code § 65.1-98. Although the evidence was conflicting, credible evidence supported the commission's finding that Crawley was an employee. We cannot disturb this finding. Therefore, the commission's decision is affirmed.

*Affirmed.*

Benton, J., Coleman, J., Elder, J., Moon, J., and Willis, J., concurred.

Duff, J., with whom Koontz, C.J., Baker, J., and Bray, J., join, dissenting.

The record contains no evidence from which the commission could have found that the claimant was an employee for services performed in her housecleaning duties. Furthermore, the issue presented is neither complex nor technical; thus, the normal deference accorded to the commission's finding should not be applied to justify a ruling in this Court when there is no evidence in the record in support of the commission's finding. Therefore, I am unable to join in the majority opinion.

In reaching its decision that claimant was an employee rather than an independent contractor, the commission considered the homeowners' right to control "the method and the means" by which the work was performed. *See Phillips v. Brinkley*, 194 Va. 62, 66-67, 72 S.E.2d 339, 341 (1952). The commission found from the evidence that claimant was employed as "a day worker or a 'servant', rather than as an independent contractor." Further, citing *Phillips*, the commission held that she was an employee based upon the fact that "the nature of the employment in which claimant engaged . . . is the kind of work over which each employer had direct control." The record supports neither of those findings.

The evidence in the record shows that claimant did not work for "wages" from the various homeowners. She contracted for a price per house of between forty-five to fifty dollars. Claimant's 1988 tax returns were introduced as exhibits and showed that she reported a profit of $11,440 as outside income from her "housekeeping" business. She paid self-employment tax on this amount, and she paid her own withholding and social security taxes. There was no evidence in the record that claimant was transported to the houses by the homeowners. As well, there was no evidence in the record that any of the homeowners retained or exercised the right to "control the methods or means of doing the work." Furthermore, claimant stipulated at the hearing that her housecleaning work was done as a sole proprietor. This, of course, is a form of business operation in which one person owns all of the assets of the business. *Black's Law Dictionary* 1392 (6th ed. 1991). The commission's opinion fails to consider the stipulation.

I would hold that the stipulation was a relevant, indeed necessary, consideration in determining whether claimant was an employee or an independent contractor. The stipulation may not have been binding, as a matter of law, on the issue presented. However, it was a highly probative admission that should have merited careful weighing along with the other evidence presented. This was not done.

Turning to the issue of control exercised by the homeowners over claimant's work, I fully recognize that factual findings of the commission are binding on appeal. However, if no credible evidence exists in support of a factual finding, the issue of sufficiency of the evidence is one of law for this court to decide. *Spruill v. C.W. Wright Constr. Co.*, 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989). No evidence in the record supports the commission's finding that "the nature of the employment in which Crawley engaged. . . is the kind of work over which each employer had direct control." Claimant had the burden of proving that she is an employee within the definition of Code § 65.1-4. *See Behrensen v. Whitaker*, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990). Neither claimant nor any other witness testified that any of the homeowners exercised or had the right to exercise control over how she did her work. The reasonable inference to be drawn from the record was that claimant contracted for a given result for a fixed price, a clean house for forty-five or fifty dollars, classic indicia of an independent contractor.

The majority opinion emphasizes the deference that the courts must give to the "technical expertise and more extensive experience" of the administrative agency. It is basic that the more technical and complex the issue, the more deference should be accorded to the finding of the agency. There is nothing esoteric, technical or complex about whether control of the methods and means of doing claimant's work was exercised by the homeowners. Either it was or it was not, and this finding depends on the evidence introduced. I would not give great deference to the finding of an administrative agency on a non-technical issue such as this, nor would I hold that such deference constitutes a proper substitute for evidence.

The question whether a finding is supported by evidence is one of law subject to judicial review and independent determination by the court. The action of the administrative agency will be over-

turned where it lacks the requisite support in the evidence. 2 Am. Jur. 2d *Administrative Law* § 678 (1962). I do not find such support in the record before us and would reverse the findings and remand for the entry of an order disallowing the combining of the business profits with the wages earned with Metropolitan Cleaning Corporation.