**Alexandria**

CRADDOCK MOVING & STORAGE COMPANY

v.

JAMES SETTLES

No. 0835-92-4

Decided March 2, 1993

COUNSEL

Benjamin J. Trichilo (Lewis, Trichilo, Bancroft & McGavin, P.C., on briefs), for appellant.

Howard B. Ackerman (Law Office of Eric M. May, P.C., on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal from the Workers' Compensation Commission, the employer contends that it is exempt from the provisions of the Virginia Workers' Compensation Act because the employee did not prove that the employer regularly employed three or more employees in Virginia. We hold that once an employee proves that his or her injury occurred while employed in Virginia, an employer has the burden of producing sufficient evidence upon which the commission can find that the employer employed less than three employees regularly in service in Virginia. Because this employer failed to do so, we conclude that the commission did not err in making an award. Furthermore, we hold that the evidence was sufficient to support the commission's findings that the employee was not an independent contractor and that his average weekly wage was $300.

Craddock Moving & Storage Co. (Craddock) is engaged in the business of moving and storing household goods under an agreement with Allied Van Lines. The headquarters of the company is in Fort Worth, Texas. On the day of the accident, it employed a total of forty-eight regular employees.

When injured, the employee (Settles) was working as a helper off-loading furniture from Craddock's moving van at a home in Northern Virginia. He and his brother had been hired that morning at another location in Northern Virginia by the van's driver, who was employed by Craddock.

Following the accident, Craddock's president signed the employer's first report of accident which was filed with the commission. He testified that he understands that his workers' compensation insurance

through the Texas Employers' Insurance Association provides coverage applicable to Virginia.

Every employer and employee are "conclusively presumed to have accepted the provisions of the [Virginia Workers' Compensation Act]." Code § 65.2-300(A). An employer is anyone who uses "the service of another for pay." Code § 65.2-101. An employee is every person "in the service of another under any contract of hire" with the exception of certain specifically described persons. Code § 65.2-101. Among these exceptions are employees of a business that "has regularly in service less than three employees in the same business within this Commonwealth." Code § 65.2-101.

Generally, in a workers' compensation case, no special burden of producing evidence is prescribed. *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988). A proponent of an issue must produce sufficient evidence to support a finding on that issue. *Id.* The burden of persuasion in such cases is proof by a preponderance of the evidence. *Id.*

Settles was the proponent of the issue of whether he was an employee of the employer; therefore, he had the burden of producing evidence that an employment relationship existed between him and Craddock. Craddock was the proponent of the issue of whether it had "regularly in service less than three employees in the same business within this Commonwealth"; Code § 65.2-101; therefore, it had the burden of producing evidence that it had less than three employees regularly employed in Virginia. Furthermore, information about the number and location of its employees was specially within Craddock's knowledge, and it was, therefore, best able to produce the available evidence pertaining to this question.

Settles produced evidence regarding the employment relationship between himself and Craddock. Settles and his brother were hired the morning of the accident by the driver of the truck to help unload the truck at a home in Ashburn, Virginia. He was told that he would be paid $140 for his services. After arriving at the home, the driver directed Settles and his brother to place padding on the bannister and the floors. The driver occasionally helped Settles and his brother unload pieces of furniture; however, most of the time he remained in the kitchen with the homeowner and checked off items from the inventory as pieces were unloaded and brought into the home. He instructed Settles and his brother how to bring certain pieces of furniture into the

home, but generally he left the unloading to them. Craddock owned the truck and supplied all of the tools Settles and his brother used. Settles was injured when the ramp from the truck collapsed and he fell to the street.

■ This evidence credibly supported the commission's finding that Settles was Craddock's employee, not an independent contractor. One is an employee of another if the person for whom he or she works has the power to direct the means and methods by which the work is done. *Metropolitan Cleaning Corp. v. Crawley*, 14 Va. App. 261, 264, 416 S.E.2d 35, 38 (1992) (en banc). The evidence confirms that Craddock had the power to direct and, through its agent, the driver of the truck, occasionally directed how Settles and his brother were to do the work.

This same evidence further established that Craddock employed at least three people — Settles, his brother, and the driver of the van — in its business in Virginia at the time of the accident. Craddock failed to meet its burden to prove that it had less than three employees regularly in its service in Virginia. Evidence that Craddock had its headquarters in Fort Worth, Texas, and employed forty-eight regular employees was insufficient to support such a finding. Therefore, Craddock failed to produce sufficient evidence to permit the commission to find that it was not "conclusively presumed to have accepted the provisions of [the Virginia Workers' Compensation Act]." Code § 65.2-300(A).

In this context, Craddock also asserts that it lacks "certain minimal contacts" with Virginia and that the exercise of jurisdiction over it violates "basic due process requirements." Craddock sent its truck, driven by its employee, into Virginia to move furniture into a home in Virginia; it hired Settles and his brother in Virginia to help with the move; and Settles was injured during the course of the move when the ramp from the truck collapsed. These contacts sufficiently support the commission's exercise of jurisdiction over Craddock. *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *John E. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 738, 180 S.E.2d 664, 666 (1971).

Finally, Craddock argues that the commission erred in determining Settles' average weekly wage. Settles testified that he worked an average of three or four days each week and that he made between $80 and $170 each day that he worked. His wife testified that he would make $400 or $500 "in a good week." He did not file income tax returns in

1988 or 1989. He was to be paid $140 by Craddock for the day of the accident. The evidence of Settles' wages, although conflicting, was credible; therefore, this Court is bound by the commission's findings. Code § 65.2-706(A); *Goodyear Tire & Rubber Co. v. Watson* 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979); *Jules Hairstylists, Inc. v. Galanes*, 1 Va. App. 64, 68, 334 S.E.2d 592, 595 (1985).

In sum, the evidence did not support a finding that Craddock had less than three employees regularly in service in Virginia; it did, however, support findings that Settles was an employee of Craddock at the time of his injury and that Settles' average weekly wage was $300. Consequently, the commission did not err in its award of compensation to Settles, and we affirm the award.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.