COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


W & L CONSTRUCTION & PAVING, INC.
 and PENNSYLVANIA MANUFACTURERS'
 ASSOCIATION INSURANCE COMPANY            MEMORANDUM OPINION[*] BY
                                         JUDGE SAM W. COLEMAN III
v.      Record No. 2764-96-3                MAY 27, 1997

HERCHEL FRANK SULLIVAN, JR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James G. Muncie, Jr. (Kathryn Spruill Lingle;
            Midkiff & Hiner, P.C., on brief), for
            appellants.

            Gerald F. Sharp (Browning, Lamie & Sharp,
            P.C., on brief), for appellee.


    W & L Construction & Paving, Inc. and its insurer appeal the

decision of the Workers' Compensation Commission granting Herchel

Frank Sullivan (claimant) temporary total disability benefits.

The commission held that the claimant was a statutory employee of

W & L Construction and that the claimant was temporarily totally

disabled for psychiatric reasons.  Finding no error, we affirm

the commission's decision.

    Viewed in the light most favorable to the claimant as the

prevailing party, the evidence established that the claimant was

employed by MMS Trucking at the time of his injury.  MMS Trucking

is a trucking company owned and operated by Myra Sullivan, the

claimant's sister-in-law.  MMS Trucking owned one dump truck,

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

which was driven by the claimant and had one employee, the claimant. Myra Sullivan negotiated and entered into a contract with W & L Construction, a general contractor, to haul asphalt and gravel to various construction job sites.

### STATUTORY EMPLOYEE

In order to recover, the claimant had the burden of proving that he was an employee of MMS Trucking, which was a subcontractor of W & L Construction. See Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 3, 427 S.E.2d 428, 430 (1993), aff'd, 247 Va. 165, 440 S.E.2d 613 (1994); Code § 65.2-302. "'What constitutes an employee is a question of law'; however, whether a specific person falls within that definition 'is usually a question of fact.'" Metropolitan Cleaning Corp. v. Crawley, 14 Va. App. 261, 264, 416 S.E.2d 35, 37 (1992) (en banc) (citation omitted).

In determining whether an individual is an employee, we consider four elements: 1) selection and engagement of the servant; 2) payment of wages; 3) power of dismissal; and 4) power of control of the servant's action. Hamilton Trucking/Hamilton Terminal Corp. v. Springer, 10 Va. App. 710, 715, 396 S.E.2d 379, 381 (1990) (citation omitted). "[T]he first, second and third of these elements are not essential to the relationship. . . . The 'power of control' is the most significant element bearing on the question." Id.; see also Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982); Behrensen v. Whitaker, 10

Va. App. 364, 366-67, 392 S.E.2d 508, 509-10 (1990).

> The right of control inherent in an employer and employee relationship is the power to control the means and methods by which the result sought is to be accomplished. An employer retains power to direct "the means and methods" by which an employee performs his or her work. Furthermore, "it is not the actual exercise of control, but the right to control," that is determinative.

James v. Wood Prods. of Virginia, 15 Va. App. 754, 757, 427 S.E.2d 224, 225 (1993) (citations omitted).

In this case, the evidence proves that Myra Sullivan had the right to control the means and methods by which the claimant performed his work. She delegated the authority and responsibility for conducting the claimant's day to day duties to W & L Construction under the contract. The nature of the hauling contract with W & L Construction made it unnecessary for Ms. Sullivan to directly control the claimant on a daily basis. Ms. Sullivan negotiated the contracts for hauling, with the exception of the occasional weekend hauling for individuals who contacted the claimant directly. She received all payments for hauling, both from W & L Construction and from private individuals. The claimant did not pay for use of the truck, rather, he was paid to operate it. The fact that he was paid a percentage of the gross receipts is of no consequence. See Hill City Trucking, Inc. v. Christian, 5 Va. App. 106, 111, 360 S.E.2d 867, 869 (1987), rev'd on other grounds, 238 Va. 735, 385 S.E.2d 377 (1989). Ms. Sullivan withheld all state and federal taxes from the claimant's

- 3 -

paycheck and paid his Social Security taxes.  She was solely responsible for all maintenance, insurance, and operating expenses relating to the dump truck.  She retained the power to control the claimant and how he performed his work and as such he was an employee of MMS Trucking.

Because MMS Trucking did not have three or more regular employees at the time of claimant's injury, it is not subject to the Workers' Compensation Act.  Code § 65.2-101(2)(h).  However, since MMS was engaged in the same trade, business, or occupation as W & L Construction, the claimant was a statutory employee of that corporation.  Code § 65.2-302.  Thus, the commission did not err in finding that the claimant was a statutory employee of W & L Construction.

### TOTAL DISABILITY

Upon appellate review, the commission's findings of fact will be upheld when supported by credible evidence in the record.  Stancill v. Ford Motor Co., 15 Va. App. 154, 158, 421 S.E.2d 872, 874 (1992).  Here, the commission found that the claimant was totally disabled as of February 27, 1996 as a result of post-traumatic stress disorder and anxiety depressive syndrome. Dr. McKnight, a psychiatrist who was treating the claimant, and Dr. Kanwal, an internist, both opined that, while the claimant had recovered from his physical injury and was physically able to work, he was totally disabled by the post-traumatic stress disorder and anxiety depressive disorder caused by the accident.

This uncontradicted evidence constitutes sufficient credible evidence for the commission to have found that the claimant was temporarily totally disabled as a result of the accident. Accordingly, we affirm the decision of the commission.

<u>Affirmed</u>.
