KENNEDY, Justice
(concurring in the result).
I concur in the result of the majority opinion, which holds that in calculating an employee’s average weekly wage Alabama considers only the wages earned at the place of employment where the employee was injured. I write only to note that several states have altered their workers’ compensation laws to prevent the harsh result Alabama reaches in this kind of case.
As illustrated by the facts of this case, there are many industries in which employees are often employed part-time by two or more employers in the same field. To fully serve the remedial purposes of workers’ compensation laws, several states have enacted provisions that would have a court include the earnings from all of the injured employee’s regular employment, full-time and part-time, in calculating the employee’s average weekly or daily wage. See, e.g., Minn.Stat. § 176.011(3) (“If, at the time of injury, the employee was regularly employed by two or more employers, the employee’s earnings in all such employments shall be included in the computation of daily wage.”); Me.Rev.Stat. Ann. tit. 39-A, § 102 (1998); N.Y. Work. Comp. Law § 14 (McKinney 1992). Other states have adopted the “concurrent similar employment doctrine”; they include only those wages from jobs that are similar in character, such as multiple jobs held concurrently in the field of nursing. See, e.g., Mercy Tidewater Ambulance Service v. Carpenter, 29 Va.App. 218, 511 S.E.2d 418 (1999); and First Virginia Banks, Inc. v. McNeil, 8 Va.App. 342, 381 S.E.2d 357 (1989) (including “earnings from two or more jobs that are ‘substantially similar,’ ” in interpreting Va.Code. Ann.1950, § 65.2-101 (1995), which includes the same defining language as Ala.Code 1975, § 25-5-57(b)).