COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


FRANK JAMES MOOREFIELD, JR.

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0559-11-3                           PER CURIAM
                                                       AUGUST 30, 2011
BOXCO, INC. AND
  ERIE INSURANCE EXCHANGE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Robert L. Morrison, Jr.; Williams, Morrison, Light & Moreau, on
              brief), for appellant.

              (Richard D. Lucas; Lucas & Kite, PLC, on brief), for appellees.


        Frank James Moorefield, Jr. appeals a decision of the Workers' Compensation

Commission (commission) finding:  (1) his injuries were not causally related to his employment;

and (2) the assault was personal in nature.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

        We view the evidence on appeal in the light most favorable to "the prevailing party

before the commission."  Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656 S.E.2d

431, 433 (2008).

        Moorefield was contracted through his employer to work for a cable company collecting

unpaid bills, disconnecting cable service, and removing cable boxes.  Moorefield stated he often

collected cash payments and he carried the cash in his "front pocket."  On the date of the

incident, Moorefield was working in a low-income apartment complex and he noticed two men

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

he had seen numerous times when he was present in this apartment complex. Moorefield thought he recognized one of the men as someone he had spoken with about an unpaid cable bill approximately four weeks earlier. At that time, the man indicated he did not have the money to pay the cable bill and he returned his cable box to Moorefield.

On the date of the incident, Moorefield had a brief conversation with the two men about the location of a specific apartment. Moorefield went behind a building to disconnect the cable service for an apartment, and when he returned to the front of the building, the two men were standing on the sidewalk. One of the men struck Moorefield with a pistol, pipe, or other object, causing Moorefield to fall to the ground. The assailants kicked Moorefield in the head and suddenly left. Later, Moorefield realized the men had taken his personal wallet, but they had not taken the money belonging to the cable company that was in his pocket.

Moorefield sought temporary total disability benefits, a disfigurement award, payment of medical bills, and a lifetime medical award. The deputy commissioner denied Moorefield's claim, finding his injuries did not arise out of his employment. Moorefield appealed that decision to the commission, which found Moorefield did not produce evidence that the suspects were aware of the amount of cash he typically carried or that he had any cash in his possession on the date of the offense. In his prior encounter with one of the assailants, Moorefield received no cash and he did not make change for the customer. The commission found Moorefield was "exposed to a risk that any member of the general public could have been exposed to in that particular area." It further found there was no evidence that Moorefield's job of collecting payments and disconnecting cable service exposed him to the risk of assault. Thus, the commission found the assault did not arise out of the course of employment.

Moorefield now seeks a reversal of the commission's decision based on its factual findings that the assault was personal in nature and that his injuries were not causally related to his employment. We decline to do so.

> "In reviewing the commission's decision, we are guided by well-settled principles. '[I]t is fundamental that a finding of fact made by the [c]ommission is conclusive and binding upon this court on review.' '[T]hat contrary evidence may be in the record is of no consequence if there is credible evidence to support the [c]ommission's findings.'"

Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 4, 526 S.E.2d 267, 268 (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204, 450 S.E.2d 167, 171 (1994)). "'The scope of a judicial review of the fact finding function of a workers' compensation commission[, therefore,] is "severely limited, partly in deference to the agency's expertise in a specialized field."'" Id. (quoting Metro. Cleaning Corp. v. Crawley, 14 Va. App. 261, 266, 416 S.E.2d 35, 38 (1992)).

"In Virginia, we employ the 'actual risk' test to determine whether an injury 'arises out of' the employment." Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989) (holding that a truck driver's injuries sustained during a robbery did not arise out of his employment as an over-the-road truck driver where there was no evidence establishing a nexus between the criminal act and his employment). "An accident arises out of the employment if a causal connection is established between the employee's injury and the conditions under which the employer required the work to be performed. The causative danger must be peculiar to the work and not common to the neighborhood." Roberson v. Whetsell, 21 Va. App. 268, 271, 463 S.E.2d 681, 682 (1995). "[T]he arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Chesterfield v. Johnson,

237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989) (quoting United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

"[T]o be entitled to an award arising from an assault, a claimant must establish 'that the assault was directed against him as an employee or because of his employment.'" Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999) (quoting Cont'l Life Ins. Co. v. Gough, 161 Va. 755, 760, 172 S.E. 264, 266 (1934)).

> "The requisite nexus in an assault case is supplied if there is 'a showing that the probability of assault was augmented either because of the peculiar character of the claimant's job or because of the special liability to assault associated with the environment in which he must work.'" Jobs often held to pose a special risk of assault are those that involve working in or traveling through dangerous areas.

Roberson, 21 Va. App. at 271, 463 S.E.2d at 683 (citation and footnote omitted).

Whether the robbery and assault arose out of the course of employment is a factual issue and turns upon whether there is a causal connection between the robbery and employment. On these facts, we cannot say the fact finder erred as a matter of law in finding that the robbers did not know Moorefield carried sums of money on his person because of his employment, separate and apart from knowing that he personally carried money. Because a rational mind could come to this conclusion under such circumstances, the commission's factual findings on causation must be affirmed. "'The actual determination of causation is a factual finding that will not be disturbed on appeal, if supported by credible evidence.'" K & G Abatement Co. v. Keil, 38 Va. App. 744, 756, 568 S.E.2d 416, 422 (2002) (quoting Ingersoll-Rand Co. v. Murick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).

Accordingly, we summarily affirm the commission's decision.

Affirmed.