COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Lorish and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

MODERN RENOVATIONS, LLC

MEMORANDUM OPINION* BY
v.      Record No. 0466-22-4          JUDGE LISA M. LORISH
OCTOBER 25, 2022

DIONEL SAGASTUME ESPINO,
 GERARDO REYES,
 ALPHA Y OMEGA SERVICES, LLC AND
 UNINSURED EMPLOYER'S FUND

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Berwin Cohen (Rivka Teitelbaum; Carly Mee; Wolffers Cohen &
Edderai LLP, on briefs), for appellant.

Andrew S. Kasmer (The Law Offices of Andrew S. Kasmer, P.C.,
on brief), for appellee Dionel Sagastume Espino.

Joseph F. Giordano for appellee Uninsured Employer's Fund.

No brief or argument for appellee Gerardo Reyes.

No brief or argument for appellee Alpha y Omega Services, LLC.


Dionel Espino fell from a ladder and injured his foot. He sought recovery under the

Workers' Compensation Act from his employer, Gerardo Reyes, who was a subcontractor of

Alpha y Omega Services, LLC ("Alpha"), a subcontractor of Modern Renovations, LLC. We

affirm the Virginia Workers' Compensation Commission's conclusion that Espino was an

employee, not an independent contractor, of Reyes, and therefore of Modern Renovations. And

we find no fault in the Commission's decision not to consider a willful misconduct defense

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Modern Renovations elected not to raise before the deputy commissioner. Modern Renovations' other arguments are just as unavailing.

## BACKGROUND

Espino was injured while performing roofing work for Reyes. Reyes worked for Alpha, a subcontractor of Modern Renovations. Espino began a proceeding before the Commission against Reyes, and later added Alpha and Modern Renovations as purported statutory employers. Because Reyes was uninsured at the time of his injury, the Uninsured Employer's Fund was also a party.

Reyes met Espino, learned he was unemployed, and hired him to work on a roofing job. At his deposition, Reyes described himself as an employee of Alpha and said Espino was also an employee of Alpha, although Alpha only directly paid Reyes. Reyes would drive Espino and several other roofers to the job site each day in his pickup truck. He supplied the required tools for the job and paid each roofer, including Espino, $200 a day.

Reyes never met anyone from Modern Renovations before Espino's accident, and Alpha never told him who was paying Alpha for the job. Modern Renovations admits that they subcontracted the roofing work to Alpha and alleges that Alpha's owner "skipped town" and took no responsibility for the accident.

All the people and entities involved were uninsured. Modern Renovations previously had workers' compensation insurance coverage but it was cancelled due to nonpayment. While they restarted the policy effective September 1, 2020, this was after Espino's injury took place.

The Commission[1] found that Espino had an employer/employee relationship with Reyes and that Espino suffered an injury which arose from and during his employment for Reyes. The Commission further found that Reyes was a subcontractor to Alpha, and that as such, Alpha was the claimant's statutory employer at the time of the claim. Finally, the Commission found that Alpha was a subcontractor of Modern Renovations, making Modern Renovations a statutory employer of Espino. The Commission awarded Espino an award of temporary total disability and lifetime causally related medical benefits. Because Alpha's owner left the country after the accident, Espino could not pursue benefits from Alpha.

This appeal follows.

ARGUMENT

Modern Renovations assigns error to the Commission's conclusion that Espino was an employee, rather than an independent contractor. Modern Renovations also argues that the Commission erred by not considering a willful misconduct defense under Code §§ 65.2-306(A)(1) and (5), and by fining Modern Renovations for failing to maintain workers' compensation insurance under Code § 65.2-800.[2] We take up these issues below. But we do not

---

[1] The deputy commissioner originally made all of these factual findings, and the Commission affirmed them on review.

[2] Espino argues that Modern Renovations violated Rule 5A:20(c) which requires a party to include with each assignment of error where an alleged error was preserved. It is true that Modern Renovations only cited its notice of appeal, without more, for assignments of error 1 and 3. However, each of these issues was raised below. Thus, we exercise our discretion to reach the merits. *See Eaton v. Washington Cnty. Dep't of Soc. Servs.*, 66 Va. App. 317, 320 n.1 (2016) (reaching merits despite a violation of Rule 5A:20(c)).

- 3 -

reach Modern Renovations' assignment of error to the Commission's failure to pursue liability of Alpha because Modern Renovations cited no legal support for this argument.[3]

I.  The Commission did not err in finding Espino was an employee of Reyes.

In reviewing decisions from the Commission, we view the evidence in the light most favorable to the prevailing party.  *Westmoreland Coal Co. v. Russell*, 31 Va. App. 16, 20 (1999).  "What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact."  *Intermodal Servs., Inc. v. Smith*, 234 Va. 596, 600 (1988) (quoting *Baker v. Nussman & Cox*, 152 Va. 293, 298 (1929)).  The determination of whether an individual is an employee or an independent contractor accordingly "involves a mixed question of law and fact which is reviewable on appeal."  *Cnty. of Spotsylvania v. Walker*, 25 Va. App. 224, 230 (1997).  The Commission's conclusions as to mixed questions of law and fact are not binding on appellate courts.  *Peanut City Iron & Metal Co. v. Jenkins*, 207 Va. 399, 403 (1966).

A claimant seeking benefits under the Workers' Compensation Act bears the burden of establishing that he is an employee as that term is defined in Code § 65.2-101.  *See Behrensen v. Whitaker*, 10 Va. App. 364, 366 (1990).  "Whether the existing status is that of an employee or that of an independent contractor is governed, not by any express provision of the workmen's compensation law, but by the common-law."  *Hann v. Times-Dispatch Publ'g Co.*, 166 Va. 102, 105 (1936).  To make this determination, the Commission must examine the facts and circumstances of each case.  *Richmond Newspapers, Inc. v. Gill*, 224 Va. 92, 101-02 (1982).  In

_____

[3] "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992).  In any event, the argument is meritless because the Commission found Reyes, Alpha, and Modern Renovations to all be jointly liable.

determining "whose is the work and where is the power of control," the deciding body may look to the "(1) selection and engagement of the [employee]; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the [employee's] action." *Stover v. Ratliff*, 221 Va. 509, 511-12 (1980) (quoting *Baker*, 152 Va. at 303).

Out of all the listed factors, "[t]he 'power of control' is the most significant element bearing on the question." *Id.* at 512 (quoting *Baker*, 152 Va. at 303). The right of control includes not only the power to specify the result to be attained, but the power to control "the means and methods by which the result is to be accomplished." *Richmond Newspapers*, 224 Va. at 98. Our Supreme Court has held:

> An employer-employee relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. "[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." The extent of the reserved right of control may be determined by examining the performance of the parties in the activity under scrutiny.

*Intermodal Servs.*, 234 Va. at 601 (alteration in original) (quoting *Va. Emp. Comm'n v. A.I.M. Corp.*, 225 Va. 338, 347 (1983)).

In concluding that Espino was an employee of Reyes, the Commission relied on these facts: Reyes drove Espino to the job site, told him what to do and where to do it, and provided him with most of the necessary materials and equipment. Reyes also hired Espino and paid his wages. Accepting these factual findings, we find no error in the Commission's conclusion that Espino was an employee and not an independent contractor.

Modern Renovations argues that Espino's prior experience as a roofer, and the fact that he brought his own harness and air gun to the job, require a different result under our unpublished decision in *Kirtley v. Cooper*, No. 0631-17-3, 2017 WL 4890800 (Va. Ct. App. Oct.

- 5 -

31, 2017).  Not only is this decision not binding on us, but the facts are also distinguishable.  In *Kirtley*, the claimant brought his own employees and equipment to the job, submitted an invoice every two weeks, set his own schedule, and would sometimes leave the construction site to work on other jobs.  *Id.* at 2, 2017 WL 4890800, at *1.  These other factors established that the claimant in *Kirtley* had the power of control.  *Id.* at 4-8, 2017 WL 4890800, at *2-4.  Here, with Reyes picking up Espino, driving him to the job, and giving him most of the materials and equipment for the job, there is no countervailing evidence that shows Espino had the power of control.

Thus, the Commission properly found that Espino was an employee of Reyes.  Because Modern Renovations has not challenged the Commission's conclusion that Alpha was Reyes' statutory employer, or that Modern Renovations subcontracted Alpha for the roofing job, Code § 65.2-302(A) applies and Modern Renovations is "liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him."

II. The Commission did not err by refusing to consider a willful misconduct defense that Modern Renovations elected not to raise before the deputy commissioner.

During the hearing before the deputy commissioner, counsel for Modern Renovations stated: "We did not allege a willful misconduct violation.  I don't believe there was sufficient evidence to."  On its appeal to the Commission, Modern Renovations tried to argue willful misconduct, but the Commission held that "[a]rguments raised for the first time on review will not be considered by the Commission" and cited several decisions of the Commission in support of this ruling.

To start, our Court defers to the Commission in interpreting its own rules.  "When a challenge is made to the [C]ommission's construction of its rules, 'our review is limited to a

- 6 -

determination [of] whether the [C]ommission's interpretation of its own rule was reasonable.'" *Jenkins v. Webb*, 52 Va. App. 206, 210-11 (2008) (quoting *Specialty Auto Body v. Cook*, 14 Va. App. 327, 330 (1992)). "The [C]ommission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious." *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 129 n.2 (1999) (*en banc*).

Rule 1.10 of the Commission is titled "Willful Misconduct" and states:

> If the employer intends to rely upon a defense under § 65.2-306 of the Act, it shall give to the employee and file with the Commission no less than 15 days prior to the hearing, a notice of its intent to make such defense together with a statement of the particular act relied upon as showing willful misconduct.

Modern Renovations did not argue below that it complied with this requirement. Instead, Modern Renovations relied on Rule 3.1, which affirms that the "Commission may, however, on its own motion, address any error and correct any decision on review if such action is considered to be necessary for just determination of the issues."

Rule 3.1 is permissive, and not mandatory. Even if it were mandatory, we have no trouble concluding that it would not require the Commission to consider a late-raised willful misconduct defense where the employer (1) bears the burden of proof, (2) failed to give the required notice under Rule 1.10, and (3) never petitioned the Commission to reopen the record to

present additional evidence under Rule 3.3.[4]  For these reasons, we find the Commission reasonably interpreted its rules when it rejected a willful misconduct defense that was not raised before the deputy commissioner.

### III.  Modern Renovations had to maintain workers' compensation insurance.

Code § 65.2-800 states that any business subject to the Workers' Compensation Act in Virginia must obtain workers' compensation insurance.  A business is not subject to the Act if it "has regularly in service less than three employees in the same business within this Commonwealth, unless such employees and their employers voluntarily elect to be bound by this title."  Code § 65.2-101.  The employer has the burden of producing evidence that it is exempt from coverage.  *Craddock Moving & Storage Co. v. Settles*, 16 Va. App. 1, 2 (1993), *aff'd per curiam*, 247 Va. 165 (1994).  "What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact."  *Baker*, 152 Va. at 298; *see also Metro. Cleaning Corp. v. Crawley*, 14 Va. App. 261, 264 (1992) (*en banc*). We are bound by the Commission's findings of fact if those findings are supported by credible evidence.  *Lynch v. Lee*, 19 Va. App. 230, 234 (1994).  On appeal, we construe the evidence in

---

[4] To prevail on a defense based on the willful violation of a safety rule, under Code § 65.2-306(A)(5), an employer bears the burden of proving: "(1) the safety rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the benefit of the employee; and (4) the employee intentionally undertook the forbidden act."  *Layne v. Crist Elec. Contractor, Inc.*, 64 Va. App. 342, 349-50 (2015).  Rule 3.3 of the Commission states that

> [n]o new evidence may be introduced by a party at the time of review except upon agreement of the parties. . . .
>
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

the light most favorable to the party prevailing below—here, Espino. *See Whitlock v. Whitlock Mech./Check Servs., Inc*., 25 Va. App. 470, 479 (1997).

The employees of a contractor's subcontractors are considered employees of the contractor for purposes of liability and for determining applicability under the Act. *Smith v. Weber*, 3 Va. App. 379, 381 (1986). For instance, in *Smith*, the three employees employed by two different subcontractors on the same project were all counted as employees of the contractor. *Id.* at 381-83. To determine whether an employee is "regularly in service," we examine the employer's "established mode of performing the work." *Cotman v. Green*, 4 Va. App. 256, 259 (1987). The term "regularly" implies a "practice" or a "constant or periodic custom" of employment. *Osborne v. Forner*, 36 Va. App. 91, 96 (2001) (citations omitted). Therefore, we look for "regularly-recurring periods" of employing the requisite number of persons over some reasonable time period. *Id.*

Modern Renovations argues that the Commission erred in finding it had three employees, because it improperly extended the conclusion that Espino was an employee to the other individuals working under Reyes. But we agree with the Commission that it was Modern Renovations' burden to establish it did *not* have three qualifying employees. The Commission properly considered the employees of Alpha and Reyes along with Modern Renovations' usual employees. Additionally, the co-owner of Modern Renovations confirmed that its regular business model included the performance of roofing repairs and installations within Virginia and that Modern Renovations was contracting an average of one roofing job each day within the Commonwealth of Virginia. Thus, Modern Renovations had more than three employees "regularly in service" under the Workers' Compensation Act, and the Commission did not err in finding that Modern Renovations had to maintain insurance under Code § 65.2-800.

## CONCLUSION

For these reasons, we affirm the decision of the Commission.

*Affirmed.*