COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


DARRELL W. MOREHOUSE
                                        MEMORANDUM OPINION* BY
v.    Record No. 0437-00-1            JUDGE RICHARD S. BRAY
                                           OCTOBER 17, 2000
STEWART MILLER AND
 UNINSURED EMPLOYER'S FUND


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Charles A. Johnson (St. Clair & Johnson,
          P.C., on brief), for appellant.

          Amy C. Stallings, Assistant Attorney General
          (Mark L. Earley, Attorney General; John J.
          Beall, Jr., Senior Assistant Attorney
          General, on brief), for appellee Uninsured
          Employer's Fund.

          No brief or argument for appellee Stewart
          Miller.


     Darrell W. Morehouse (claimant) appeals the decision of the

Workers' Compensation Commission (commission) denying his

application for benefits under the Virginia Workers'

Compensation Act (the Act).  Claimant contends that the

commission erroneously determined Stewart Miller (employer)

employed only two persons, including claimant, at the time of

the subject injury and, therefore, was excluded from the Act

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

pursuant to Code § 65.2-101. We disagree and affirm the commission.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal. We consider the evidence in the light most favorable to the prevailing party below, employer and the Uninsured Employer's Fund in this instance. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[T]he commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." Gunst Corporation v. Childress, 29 Va. App. 701, 707, 514 S.E.2d 383, 386 (1999). However, when "no material facts [are] in dispute, the issue whether an individual is an 'employee' within the meaning of the Act is a question of law." Humphries v. Thomas, 244 Va. 571, 574, 422 S.E.2d 755, 756 (1992).

I.

Claimant was accidentally injured in a fall arising from and in the course of his services to employer. At the time of the occurrence, employer was performing a residential "re-roofing job" in Virginia Beach, undertaken as a "sole proprietor," and had engaged claimant and Stanley Aikens, occasional workers, to assist. After several days at the task, a sudden storm "blew in" and claimant "fell off" the roof, resulting in the subject injuries. Employer's girlfriend,

-

Elizabeth Stevens, was present at the accident, then "at the top of the ladder," "sitting there talking" to employer as he prepared the roof for the storm.

Employer testified that Stevens had driven a truck transporting the men to and from the work site each day, also "picking up material" and "dumping . . . debris" incidental to the project. Routinely, she would "hang around an hour or two" and occasionally "bring [employer] a ladder . . . a hammer or something like that." Claimant recalled that Stevens "tore off" and "nailed shingles" and "work[ed] side by side with [them] the whole time." When not at the "job site," Stevens did "whatever she wanted to."

Employer's relationship with Stevens began with "dating" "about ten years" previously, the two had been "living together" for "seven or eight months" prior to the accident, and claimant's testimony indicated that "kids" had resulted from the union. Employer paid "all of [the] bills," testifying he "made enough money that [Stevens] didn't need [a job]." Employer denied Stevens was a "driver" or otherwise in his employ, insisting that he "didn't pay her to work for [him]," because "she was my girlfriend." Her whereabouts were unknown at the time of the hearing.

## II.

Code § 65.2-101 defines "Employee" as "[e]very person, including a minor, in the service of another under any contract

-

of hire or apprenticeship, written or implied . . . ."  However,

Code § 65.2-101 expressly excludes from the Act "[e]mployees of

any person, firm or private corporation . . . that has regularly

in service less than three employees in the same business

. . . ."  Accordingly, Stevens' employment status is the

dispositive issue and the burden to prove the related exclusion

from the Act rests upon employer.  See Craddock Moving & Storage

Co. v. Settles, 16 Va. App. 1, 3, 427 S.E.2d 428, 430 (1993).

> A "contract for hire" is usually
> defined as an agreement in which an employee
> provides labor or personal services to an
> employer for wages or remuneration or other
> thing of value supplied by the employer.

>          *       *       *       *       *       *       *

> An implied contract of hire exists
> where one party has rendered services or
> labor of value to another under
> circumstances which raise the presumption
> that the parties intended and understood
> that they were to be paid for, or which a
> reasonable man in the position of the person
> receiving the benefit of the services or
> labor would or ought to know that
> compensation or remuneration of some kind
> was to be exchanged for them.

Charlottesville Music Center, Inc. v. McCray, 215 Va. 31, 35,

205 S.E.2d 674, 677-78 (1974) (citations omitted).  Thus,

"[w]hen services or labor are rendered voluntarily without a

promise of compensation or remuneration of any kind, express or

implied, then the one providing the services or labor has

supplied them gratuitously, and is not covered by the Act."  Id.

-

Upon review of the instant record, the commission made the following pertinent findings of fact and conclusions of law:

>The evidence, taken as a whole must establish that the circumstances of Stevens' employment raised the presumption that her work was to be paid for, or must establish that [employer], as the person receiving the benefit of Stevens' work would, or ought to know that compensation or remuneration was to be exchanged for Stevens' work. We find that evidence does not support this conclusion.

>\* \* \* \* \* \* \*

>. . . The uncontradicted evidence shows that [employer] and Stevens were in a relationship of over ten years, they lived together, they had children together, and they handled finances jointly. [Employer] supported their family through his work. The only actual evidence in the record regarding what compensation, if any, Stevens was to receive for her work, was offered by [employer] himself. [Employer] testified that Stevens was his live-in girlfriend, not his employee, and that he did not pay her for her help. His testimony is uncontradicted by credible evidence. Any conclusion that Stevens was to be compensated, or receive remuneration for her work, can be based only upon speculation regarding [employer's] personal relationship to Stevens, and the workings of their household.

The commission characterized the relationship of employer and Stevens as "akin to that of a marriage" and relied upon several prior commission decisions to conclude that Stevens, like a spouse, "had no reasonable expectation of compensation or remuneration for work done without pay."

-

While we concur in the commission's factual findings and the implications of the specific relationship between employer and Stevens to the Act, we expressly decline to fully adopt the commission's rationale.  Without addressing the unique concepts of marriage in relation to the workplace, we find the instant record simply fails to establish the requisite contract of hire between employer and Stevens.  Although Stevens inarguably provided work-related services to employer in furtherance of the subject undertaking, and he supplied her shelter and other necessaries both before and after, the evidence does not suggest either an agreed exchange in consideration of her labor or the reasonable expectation of such compensation.

Thus, like the commission, "considering the nature and extent of the relationship between [employer] and Stevens, we find no presumption that Stevens' work was to be compensated or paid for, [or] . . . that employer would . . . or ought to have known that some remuneration was due Stevens."  Accordingly, "Stevens was not [an] employee for purposes of the Act," employer "had only two employees regularly in service, and the commission is without jurisdiction over this claim."

We, therefore, affirm the commission.

                                        Affirmed.

-