**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1508**

KATRINA ROBERTSON,

                  Plaintiff - Appellant,

          v.

UNITED STATES OF AMERICA,

                  Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael S. Nachmanoff, District Judge.  (1:24−cv−00132−MSN−LRV)

Argued:  January 31, 2025                              Decided:  July 22, 2025

Before WILKINSON, HEYTENS, and BENJAMIN, Circuit Judges.

AFFIRMED by published opinion.  Judge Benjamin wrote the opinion, in which Judge Wilkinson and Judge Heytens joined.

**ARGUED:**  Mark Andrew Kohl, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Bowie, Maryland, for Appellant.  Elizabeth A. Spavins, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Jessica D. Aber, United States Attorney, Richmond, Virginia, Yuri S. Fuchs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

DEANDREA GIST BENJAMIN, Circuit Judge:

An independent contractor sued the Defense Intelligence Agency (DIA) for alleged negligence related to an automobile incident. Finding the Government had not waived its sovereign immunity under the Federal Tort Claims Act (FTCA), the district court dismissed the suit for lack of subject matter jurisdiction. We affirm the district court in full.

I.

Katrina Robertson is a self-employed polygraph examiner who works as an independent contractor for the DIA. As Robertson exited the DIA's campus after administering polygraph tests to candidates for employment, Robertson drove into the inbound traffic lane and up onto a rising metal security barrier.

Robertson sued the United States under the FTCA, claiming that a DIA employee's negligence caused her accident. The Government moved to dismiss for lack of subject matter jurisdiction, or in the alternative, for summary judgment, arguing that because a private employer in the Government's shoes would be immune from suit under Virginia law, the United States had not waived its sovereign immunity. Robertson opposed the motion and sought to certify the following question to the Supreme Court of Virginia:

> Under Virginia law, can the exclusivity of workers compensation as a remedy for an injured independent contractor be a defense for an owner that did not, and never could be required to, provide workers compensation benefits to the plaintiff?

2

which the Government opposed in turn. J.A. 80, 94, 99.[1]

After a hearing, the district court granted the Government's motion to dismiss for lack of subject matter jurisdiction. It found that the DIA was a "statutory employer" and that Robertson's harm "arose during the course of her work as a contractor leaving the DIA," making the Virginia Workers' Compensation Act (VWCA) "the exclusive remedy" had the government been a private party. J.A. 134. So because the Government is only liable to the extent that a private party would be liable in like circumstances, the FTCA immunized the Government from Robertson's suit. The district court then declined to address the motion for summary judgment and denied Robertson's motion to certify the question as moot.

Robertson timely appealed.[2] This court has jurisdiction. 28 U.S.C. § 1291.

## II.

"Where, as here, a district court dismisses a plaintiff's claim for lack of subject matter jurisdiction 'after considering evidence outside the pleadings[,] . . . we review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom de novo.'" *Landon v. United States*, 816 F. App'x 853, 854 (4th Cir. 2020) (quoting *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019)).

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties. The J.A. contains the record on appeal from the district court. Page numbers refer to the "J.A. #" pagination.

[2] On appeal, Robertson again moved to certify the same question to the Supreme Court of Virginia. This court denied Robertson's motion.

3

A.

"The FTCA waives the federal Government's sovereign immunity in tort actions, making the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.' " *Cibula v. United States*, 664 F.3d 428, 429–30 (4th Cir. 2012) (quoting 28 U.S.C. § 2674). When interpreting the FTCA, we must be mindful not "to extend the [FTCA's] waiver beyond that which Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993) (quoting *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)).

We "determine the Government's liability 'in accordance with the law of the place where the [negligent] act or omission occurred.' " *Cibula*, 664 F.3d at 430 (quoting 28 U.S.C. § 1346(b)(1)). If that private party in like circumstances could not be held liable, then the United States has not waived its sovereign immunity. *See id.* at 429–30. "Like circumstances" should not be construed so narrowly that no private comparator exists. *See United States v. Olson*, 546 U.S. 43, 45–47 (2005). Rather, because "the words 'like circumstances' do not restrict a court's inquiry to the *same circumstances*," courts must "look further afield" to find a private individual under *similar circumstances*. *Id.* at 46 (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)); *see, e.g.*, *Indian Towing*, 350 U.S. at 64–68 (interpreting "like circumstances" for Coast Guard's operation of lighthouse to mean those "who undertake[] to warn the public of danger and thereby induce[] reliance").

In Virginia, negligence claims by statutory employees against their employer are governed by the VWCA. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 273 (4th Cir.

4

2015).  "Every employer and employee are 'conclusively presumed to have accepted the provisions of the [VWCA].' "  *Craddock Moving & Storage Co. v. Settles*, 427 S.E.2d 428, 430 (Va. Ct. App. 1993), *aff'd*, 440 S.E.2d 613 (Va. 1994) (quoting Va. Code Ann. § 65.2–300(A)).  This is true even if the plaintiff operates as an independent contractor.  *Gibbs v. Newport News Shipbuilding & Drydock Co.*, 733 S.E.2d 648, 651 (Va. 2012) (quoting Va. Code Ann. § 65.2-302(A)).

Under the VWCA's exclusivity clause, if a defendant qualifies as a plaintiff's statutory employer and that plaintiff's injury occurred in the course of the employer's trade or business, the plaintiff's only remedy is to file a workers compensation claim—she may not sue in tort.  *See, e.g.*, *Coulter v. United States*, 256 F. Supp. 2d 484, 488 (E.D. Va. 2003), *aff'd*, 90 F. App'x 60 (4th Cir. 2004) (citing Va. Code Ann. § 65.2-302).  "An employer is anyone who uses 'the service of another for pay.' "  *Craddock*, 427 S.E.2d at 430 (quoting Va. Code Ann. § 65.2-101).  An employer is a "statutory employer" for the purposes of the VWCA's exclusivity clause if the plaintiff was hired to perform work which is a part of the employer's "trade, business, or occupation."  *See Coulter*, 256 F. Supp. 2d at 488–89 (quoting Va. Code Ann. § 65-302).  A governmental entity's "trade, business, or occupation must be judged according to the public duties [it is] 'authorized and empowered by legislative mandate to perform.' "  *Roberts v. City of Alexandria*, 431 S.E.2d 275, 276 (Va. 1993) (quoting *Ford v. City of Richmond*, 391 S.E.2d 270, 273 (Va. 1990)).

B.

5

Robertson argues that because the VWCA eliminates employees' right to sue employers for damages "in exchange for giving the employee a right [t]o recover[] worker's compensation benefits," allowing the VWCA to bar suit where the plaintiff cannot collect workers compensation frustrates the statute's purpose. *See* Appellant's Br. (ECF No. 19) at 9–10 (hereinafter "Opening Br.") (citing *Griffith v. Raven Red Ash Coal Co.*, 20 S.E.2d 530, 533 (Va. 1942)); Reply Br. (ECF No. 35) at 4.[3] To that end, she claims *Gibbs* implies that "entities . . . that cannot be compelled to provide independent contractors [VWCA] benefits" may not benefit from the VWCA's exclusivity provision. Opening Br. at 11. In so doing, she effectively asks this court to construe a "private party in like circumstances" to mean a private employer with the Government's characteristics that may not be compelled to pay workers compensation benefits under the VWCA. *See id.*

In contrast to Robertson's private party comparator, the Government argues that a private party in like circumstances to the United States should not be interpreted so narrowly: it would simply be Robertson's statutory employer under the VWCA. And because Robertson sustained her injury in the course of her statutory employment—providing polygraph tests—the VWCA would be Robertson's sole remedy. Thus, because a private party in like circumstances would not be liable in tort, the United States has not waived its sovereign immunity under the FTCA.

C.

---

[3] Citations to the briefs refer to the page numbers generated by CM/ECF.

6

We agree with the Government.  The United States is immune from Robertson's suit, and so the district court lacked subject matter jurisdiction.

The DIA is a "Department of Defense combat support agency" that employs more than 16,500 people and is embedded in the United States government, which historically employs more than 1.8 million people.[4]  At a high level, per its most recent charter, the DIA's mission is to "satisfy the [nation's] military and military-related intelligence requirements . . . and provide the military intelligence contribution to national foreign intelligence and counterintelligence."[5]  A private party in like circumstances would therefore be a large private sector intelligence enterprise ("the private enterprise").  *See Olson*, 546 U.S. at 47 (explaining that courts may analogize federal workers to private parties based on duties and tasks performed).  Here, because a contractor is suing the Government based on an "act or omission" that took place in Virginia, we "determine the Government's liability 'in accordance with' " the VWCA.  *See Cibula*, 664 F.3d at 430 (quoting 28 U.S.C. § 1346(b)(1)); *Demetres*, 776 F.3d at 273.

---

[4]  *Frequently Asked Questions*, Defense Intelligence Agency, https://www.dia.mil/About/FAQs/ [https://perma.cc/7AQA-TLXA]; *Federal Civilian Employment*, U.S. Office of Personnel Management, (September 2017) https://www.opm.gov/policy-data-oversight/data-analysis-documentation/federal-employment-reports/reports-publications/federal-civilian-employment/ [https://perma.cc/W2F8-4PJX].

[5]  *DoD Directive 5105.21*, Defense Intelligence Agency (March 18, 2008), https://nsarchive.gwu.edu/sites/default/files/documents/4172333/Document-38-DoD-Directive-5105-21-Subject.pdf [https://perma.cc/L97D-F4W8].

Under the VWCA, the private enterprise would qualify as Robertson's statutory employer. *See Coulter*, 256 F. Supp. 2d at 488–89 (quoting Va. Code Ann. § 65-302). Robertson's injuries, which she sustained while commuting from her work performing polygraph tests on the private enterprise's campus, occurred in the course of her employment. J.A. 92, 134; *see Painter v. Simmons*, 380 S.E.2d 663, 665 (Va. 1989) (quoting *Brown v. Reed*, 165 S.E.2d 394, 396 (Va. 1969)) (holding that injuries occurring during employee's "reasonably expected" commute occur in "course of employment"). That work—performing polygraph examinations used for vetting candidates for roles which, based on the enterprise's function, presumably involve sensitive information— would be essential for the private enterprise's intelligence-based mission and therefore part of its trade or business. *See Roberts*, 431 S.E.2d at 276; J.A. 92.

The private enterprise would not fall under any exception to the definition of a statutory employer, nor would Robertson fall under any of the exceptions to "employee." *See* Va. Code Ann. §§ 65.2-101, 65.2-302. Robertson and the private enterprise would therefore be "conclusively presumed to have accepted the provisions of the [VWCA]." *See Craddock*, 427 S.E.2d at 430 (quoting Va. Code Ann. § 65.2-300(A)). So the private enterprise would undoubtedly be compelled to pay workers compensation—and would be immune from its employee's negligence suit—under the VWCA. *See id.*; *Coulter*, 256 F. Supp. 2d at 488 (citing Va. Code Ann. § 65.2-302). Because a private party in like circumstances would not be liable, the United States has not waived its sovereign immunity under the FTCA. *See Cibula*, 664 F.3d at 429–30.

8

Robertson's argument that a private party in "like circumstances" would be a private employer that could not be compelled to pay workers compensation misses the mark. A definition of "like circumstances" for which no private comparator exists is "too narrow." *See Olson*, 546 U.S. at 45–46; *Indian Towing*, 350 U.S. at 64–65. Yet Robertson has not identified a private employer similar to the United States that could not be compelled to pay workers compensation—an unsurprising omission, given that, as far as this court is aware, federal entities are the only otherwise-qualifying statutory employers that cannot be compelled to pay workers compensation under the VWCA. *See, e.g.*, *Landon*, 816 Fed. App'x at 854 (United States Postal Service); *Gibbs*, 733 S.E.2d at 650 (United States Navy).

Because no private analogue exists, Robertson's question about whether the VWCA's exclusivity clause applies to "an owner that did not, and never could be required to, provide workers compensation benefits," J.A. 94, is just another way of asking whether the VWCA's exclusivity clause applies to the United States. So Robertson's question reduces to one about how the United States would be treated under Virginia law. But how the United States would be treated under state law is irrelevant to the FTCA analysis, which exclusively asks how a private party would be treated. *See Cibula*, 664 F.3d at 429–30.

*Gibbs v. Newport News Shipbuilding* does not alter this conclusion. 733 S.E.2d 648. *Gibbs* does not address the relevant question under the FTCA—how a *private* party in like circumstances is treated under Virginia law. *See id.* at 651 n.2 (explaining that cases involving federal statutory employers brought through FTCA involve distinguishable analysis). Rather, it addresses how a *federal* entity is treated under Virginia law, which is

9

*not* the relevant question under the FTCA. *See id.* at 651 ("Because the Navy would not in any circumstances have been liable to pay compensation under the [VWCA], it was not the Shipyard's statutory employer."). Citing *Gibbs*' pronouncement about a characteristic specific to the federal government is merely another attempt to use state law to dictate federal waivers of immunity—which is not permitted. *See Starns v. United States*, 923 F.2d 34, 36–37 (4th Cir. 1991) (explaining that while "[state] law informs us on how a private party would be treated, it is incapable of telling us to what extent the federal government has waived its sovereign immunity"); *see also Landon v. United States*, No. 3:19cv359, 2019 WL 5197550, at *4 (E.D. Va. Oct. 15, 2019), *aff'd as modified*, 816 F. App'x 853 (4th Cir. 2020) (explaining that neither VWCA nor *Gibbs* could "dictate the extent to which [the United States] waives its sovereign immunity").

Thus, the district court properly dismissed Robertson's suit for lack of subject matter jurisdiction.[6]

## III.

The outcome of this case may feel unfair. Under the FTCA, the Government reaps the benefit of the VWCA—immunity from suit—without offering the corresponding concession—workers compensation. Robertson is left without recourse for her injuries.

---

[6] Because the district court lacked subject matter jurisdiction over this suit, its dismissal of Robertson's motion to certify was proper. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

But because the FTCA requires us to ask only "how *private parties* in like circumstances would be treated under state law," our analysis is limited to that question, "even if that inquiry results in a windfall to the government." *Landon*, 2019 WL 5197550, at *4 (emphasis added). The judgment of the district court is

*AFFIRMED.*

11